HANLIN VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*November 10 — November 25, 1884.*

RAILROADS: CONDEMNATION OF LAND: TRESPASS. *(1) Consent of owner to taking of land. (2) Incidental damage from construction of road: Access to street. (3) Obstruction of surface water.*

1. Where the owner of land has by express or tacit consent permitted a railroad company to enter thereon, construct its road-bed and track thereon, and occupy the same for the purposes of a railroad, he cannot afterwards bring an action of trespass for such entry and occupation, but is restricted to proceedings under the statute to have his compensation and damages assessed.

2. Incidental damage resulting from the lawful location, construction, maintenance, and operation of a railroad in the vicinity of the land of a party none of whose land is taken, does not constitute a cause of action in his favor; and the fact that the railroad is located on and along a public street does not alter the rule, unless in a case where the location of the railroad is such as to interfere with the right of the owner to access to and from his land from and to such street.

3. As a general rule the obstruction of the flow of mere surface water from land by the construction of a railroad does not constitute a cause of action in favor of the land-owner.

APPEAL from the County Court of *Milwaukee* County.

The following statement of the pleadings was prepared. by Mr. Justice Taylor as a part of the opinion:

This action was brought to recover damages against the defendant company upon two grounds. The first count or cause of action attempted to be set out in the complaint is based upon the facts that the plaintiff is the owner of cer-. tain lots, and buildings thereon situate, in the city of Milwaukee, on the west side of Beach street, in said city, and fronting on said street; that the predecessors of the defendant company in 1872 constructed a railroad along said street, and above the grade thereof, upon piles, boxes, and cribs, in front of his lots and buildings, " without any authority from or consent by or from the plaintiff, and without having paid or offering to pay said plaintiff any compensation for his rights of property therein as an · adjoining owner of real estate abutting on said Beach street, and without having condemned the plaintiff's rights of property therein as provided by the laws of the state of Wisconsin, in violation of the constitution and laws of said state."

The plaintiff then alleges that he has suffered damages as follows: *First*, by the loss of his right to the use of the whole of said Beach street as a public highway; *second*, by cutting off his access, which he theretofore had on said Beach street, to the waters of Lake Michigan, and the obstruction of his view which he theretofore had of said lake from his premises, by the standing and moving cars of the defendant in front of and along plaintiff's premises; *third*, that he is damaged and annoyed by the moving and running of the engines of the defendant along said track, in front of his lots and houses, at all times of day and night, by reason of which he and his family are prevented from getting their usual and necessary sleep and rest, and thereby injuring the health and comfort of the plaintiff and his family; *fourth*, that by reason of operating its engines and cars on said railway in

front of his premises on· said street, smoke, cinders, and sparks are emitted from the· defendant's· engines and are carried by the winds over, upon, and through the plaintiff's dwelling-house and buildings situated on his said premises, so that at times the plaintiff's family have been compelled, when the weather was very warm and the air close, to close the windows of his house fronting on the line of said railway to keep out said smoke, cinders, and sparks, in order to live or exist·at all comfortably, and save his property and furniture from damage; *fifth*, that the building of the railroad, and moving of the engines and cars thereon, has rendered the locality in and about plaintiff's said premises unsafe and dangerous, by reason of the liability of said plaintiff's improvements standing thereon to take fire and burn by sparks· emitted from said engines, and especially dangerous to pedestrians and teams to travel on said Beach street; and that, by reason of all said causes, the plaintiff's premises are greatly damaged, and depreciated in value in the sum of $5,000.

The second count or cause of action set up in the complaint alleges that in 1879 the defendant company filled up their track or road-bed along said Beach street, where the track before that time rested on piles, boxes, and cribs in front of said plaintiff's premises, and also across Detroit street, a street running east and west immediately north of plaintiff's premises,·and that by reason of such filling of·the defendant's track or road-bed the surface water created by sudden and violent rain-storms in that locality, and which by reason of the descending scale and lay of the ground, from the west to the east, along said Detroit street, and past the premises of the plaintiff, flowed into Lake Michigan on the east of plaintiff's premises, thereby draining and·carrying off the surface and surplus water, and preventing the flooding of the lower story, cellar, and basement of said plaintiff's houses, and that, by reason of the filling of the

railroad track along said Beach street, the flow of the surface and surplus water into Lake Michigan at times of sudden and violent storms was stopped and impeded, and said water accumulated to a great depth immediately on the north of plaintiff's premises on Detroit street, and that during the years 1881, 1882, and 1883, at three different times, there were sudden and violent rain-storms in that locality, and water in large volumes flowed down Detroit street from the west, and by reason of said embankments of earth-work, so made by the defendant along and under its track on Beach street, the water accumulated in great depth in front of said plaintiff's premises, and flowed into the lower story, cellars, and basements of plaintiff's houses to the depth of five or six feet, doing thereby great damage to personal property of the plaintiff therein, to the amount of $1,000. And he further alleges that by reason of the filling of the part of Beach street by the company, and the occupation thereof by said company for the purpose of its railroad, he has been compelled to fill up Beach street in front of his premises not occupied by the road-bed of the company to the grade of said railroad track in order to make his premises useful, and to raise his buildings, situated on his said premises, up to the grade of the street so filled and raised, at great cost and expense, and claims as damages therefor the sum of $5,000.

It is further alleged in this second cause of action that the railroad company, in filling Beach street for its road-bed, wrongfully and unlawfully broke the close of plaintiff's real estate, and entered and trespassed upon the plaintiff's premises, of which premises and real estate said plaintiff is the owner in fee, subject only to the easement which the public have to said street as an ordinary public highway, and wrongfully converted to its own use about two feet in width and eighty feet in length, west of the center line of Beach street, immediately in front of plaintiff's adjoining and

abutting property above described; and he then avers that he has sustained $15,000 damages, and demands judgment for that sum.

To this complaint the defendant company demurred, for the following reasons: (1) that several causes of action are improperly united in said complaint; (2) that the complaint does not state facts sufficient to constitute a cause of action. There was also a demurrer to each separate cause of action stated in the complaint, on the ground that there are not sufficient facts stated to constitute a cause of action. The demurrers were overruled, and from the orders overruling the same, an appeal was taken to this court.

For the appellant there was a brief by *Jenkins, Winkler & Smith*, of counsel, and oral argument by *Mr. Jenkins.* They argued, among other things, that the injuries alleged in the first count were all such as were suffered by the public in general from the lawful operation of a railroad, and, no negligence being alleged, the company is not liable. Green's Brice's Ultra Vires, 382; *Eaton v. B., C. & M. R. R.* 51 N. H. 505; *Radcliff's Ex'rs v. Mayor, etc.* 4 N. Y. 195; *Bellinger v. N. Y. C. R. R.* 23 id. 42; *Selden v. D. & H. C. Co.* 29 id. 634; *Conhocton S. R. Co. v. B., N. Y. & E. R. R. Co.* 3 Hun, 523; *Newark P. R. & F. Co. v. Elmer,* 9 N. J. Eq. 754; *Att'y Gen. v. Paterson & H. R. R. R. Co.* id. 526; Pierce on Railroads, 179; *Hatch v. V. C. R. R. Co.* 25 Vt. 49; id. 465; *Crittenden v. Wilson,* 5 Cow. 165; *Boston W. P. Co. v. B. & W. R. R. Corp.* 23 Pick. 360; *Buffalo & N. Y. C. R. R. Co. v. Brainard,* 9 N. Y. 100; *Newport & C. Bridge Co. v. Foote,* 9 Bush (Ky.), 264. The sovereign in exercising the right of eminent domain may delegate its power either to individuals or to corporations. Mills on Em. Dom. sec. 60. And its exercise of the delegation of the power is not a matter of review by the courts. Mills on Em. Dom. sec. 61; *In re Townsend,* 39 N. Y. 71; Angel on Highways, sec. 241. The exercise of corporate rights under

such delegation is as justifiable as if done by the state. The same rule of liability applies to railroad companies as to individuals in such case. *Sabin v. V. C. R. R. Co.* 25 Vt. 363; *Slatten v. Des Moines V. R. R. Co.* 29 Iowa, 148; *Bradley v. N. Y. & N. H. R. R. Co.* 21 Conn. 294. The prevention of the flow of mere surface water, alleged in the second count, was not actionable. *Dickinson v. Worcester,* 7 Allen, 19; *Greeley v. Maine Cent. R. R. Co.* 53 Me. 200; *Morrison v. B. & B. R. R. Co.* 67 id. 353; *Wagner v. Long Island R. R. Co.* 2 Hun, 633; *Conhocton S. R. Co. v. B., N. Y. & E. R. R. Co.* 3 id. 523; *S. C.* 51 N. Y. 573; *Goodale v. Tuttle,* 29 id. 459; *Bowlsby v. Speer,* 31 N. J. Law, 351; *Wakefield v. Newell,* 12 R. I. 75; *Atchison, T. & St. F. R. R. Co. v. Hammer,* 22 Kan. 763; *Munkers v. K. C., St. J. & C. B. R. R. Co.* 60 Mo. 334.

For the respondent there was a brief by *Small & Ladue,* and oral argument by *Mr. Small.* They contended, *inter alia,* that the defendant company was liable for the damage caused by the improper and negligent construction of the embankment along the street, by means of which the water, which had theretofore run down the gutters made by the city for that purpose, was stopped and flooded back upon the property of the plaintiff. *Pettigrew v. Evansville,* 25 Wis. 223, and cases cited. Under sec. 1836, R. S., it is the duty of every railway corporation using or constructing its road along a watercourse, street, or public highway, to restore the same to its former condition; and if it fails so to do it is liable to any party injured by its neglect or improper acts. *Young v. C. & N. W. R'y Co.* 28 Wis. 171; *Lyon v. G. B. & M. R'y Co.* 42 id. 538; *Brown v. C. & S. R. R. Co.* 12 N. Y. 486; *Hatch v. V. C. R. R. Co.* 25 Vt. 49; 27 Conn. 158; 35 N. H. 569; *Waterman v. C. & P. R. R. R. Co.* 30 Vt. 615; 46 Wis. 625; *Pomeroy v. M. & C. R. R. Co.* 16 Wis. 640. Such an injury cannot be considered or compensated for in a proceeding to condemn the right of way, and

the only remedy is by action of trespass. *Cummins v. D. M. & St. L. R. R. Co.* 19 N. W. Rep. 268; *King v. I. M. R. R. Co.* 34 Iowa, 458.

TAYLOR, J. The objections taken in this court by the learned counsel to the sufficiency of the complaint are: (1) If the first cause of action set up in the complaint shows that any part of the plaintiff's premises were taken for the use of the railroad, then he must seek his compensation under the statute, to have his compensation and damages assessed by reason of such taking, and that an action for damages will not lie under the circumstances set up in the complaint; (2) If it be construed as not claiming that any of his property has been taken, then his claim to recover damages is for such as are incidental to the lawful construction and operation of the company's railroad in the vicinity of his property; and for such damages he has no cause of action. As to the second cause of action, if it be construed as alleging a taking of plaintiff's property, then the first objection taken against the sufficiency of the first cause of action is good against this; and if it be not so construed, then no action will lie by reason of the construction of the defendant's road-bed, by reason whereof the flow of the surface water is obstructed and caused to remain upon the land of the plaintiff.

We are inclined to agree with the learned counsel for the appellant, that if the facts stated in either of the alleged causes of action are to be construed so as to constitute a cause of action for the actual taking of the plaintiff's real estate, or any part thereof, for the use of the railroad company, then, upon all the facts stated, the plaintiff ought not to be permitted to sustain this action, for the reason that the facts stated show with sufficient certainty that the defendant has acquiesced for so long a time in such taking as to amount to a tacit assent thereto, and that, in such case,

he must resort to his proceedings under the statute to have his damages assessed for such taking, and not by an action of trespass for damages.    Sec. 1852, R. S., provides that " in any case where a railroad corporation shall not have acquired title to the lands upon which they shall have constructed their road-bed or track, or any part thereof,  .  .  . they may proceed to acquire such title in the manner hereinbefore provided;" that is, by having commissioners appointed under the statute to ascertain the compensation they must pay the owner or owners for the lands so taken.    This section further provides that " in every such case the party interested in such lands may institute and conduct the proceedings to a conclusion, if the corporation delays or omits to prosecute the same at its cost and expense."

The language of this section is certainly broad enough to cover every case where a railroad corporation has already constructed its road-bed or tracks upon the lands of another without having acquired title thereto by purchase or otherwise, and in every such case there can be no doubt but that the land-owner could proceed under the statute to have com-missioners appointed to ascertain his compensation and damages for the taking of his property by the company for its road-bed, if the company has omitted to institute such proceedings on its own behalf until after they have so taken and occupied his land.    This court settled that question in the case of *Buchner v. C., M. & N. W. R'y Co.* 56 Wis. 403–421, and 60 Wis. 264.    The only question as to which there can be any doubt is whether the owner of the lands so taken is restricted to this remedy for the wrongful taking of his land by the railroad company.    It is certainly strongly intimated, if not determined, in the *Buchner Case,* above cited, that after the owner has permitted the railway company to take possession of his lands and construct their road-bed thereon, he must be restricted to his remedy under the section of the statute above cited, and that he cannot maintain

an action at law or in equity to recover damages for such taking and occupation, or to enjoin the company from occupying his lands.

But if it should be admitted that this court has not so determined in the cases cited, we are clearly of the opinion that no action at law to recover damages for such taking and occupation should be permitted when there is such a delay in bringing the action, or such circumstances attend the taking and occupation, that an express or tacit consent to such occupation may be clearly inferred. To restrict the owner to his proceedings under the statute in such case does not in any way infringe any constitutional right of the landowner. See the following cases in this court upon questions of a similar character: *Bohlman v. G. B. & L. P. R'y Co.* 30 Wis. 105, 108; *Andrews v. Farmers' L. & T. Co.* 22 Wis. 288, 295–96; *Sherman v. M., L. S. & W. R. R. Co.* 40 Wis. 645. The complaint in this case shows that the corporation whose rights, privileges, and liabilities the defendant now enjoys and is subject to, having lawful authority to construct the track of their railroad along Beach street, in the city of Milwaukee, in front of plaintiff's property, constructed their track on and along the same in 1872, and from that time to the time of the commencement of this action, January, 1884, have operated their road along and over such track without objection on the part of the plaintiff. We think, under such circumstances, it must be held that the plaintiff has, at least tacitly, consented to such occupation by the defendant, and he should, therefore, be restricted to his right to have his damages and compensation ascertained as prescribed by the statute above quoted.

If the complaint be construed as not setting out a cause of action in trespass for the unlawful and wrongful actual taking and occupation of plaintiff's land, are there sufficient facts stated in either count to constitute a cause of action in favor of the plaintiff? We think this question must be

answered in the negative. In the first count or statement of the plaintiff's alleged cause of action, if it be admitted that no trespass is alleged by the taking or occupation of the plaintiff's lands, all the allegations of damages are such as are necessarily incidental to the lawful construction, maintenance, and operation of the defendant's railroad along one of the public streets of the city of Milwaukee. In the absence of any allegation that the defendant has negligently or carelessly constructed its road, or that it negligently or carelessly maintains and operates the same, no damages of the character set out in the first count of the complaint can be recovered by the plaintiff, because, as stated, they are all incidental to the lawful and careful construction, maintenance, and operation of the defendant's railroad. The things complained of no more affect the plaintiff's rights than they do the rights and interests of any other citizen residing in the neighborhood of said road; nor are they peculiar to the plaintiff, although they may affect him in a different degree. The railroad, having been constructed, maintained, and operated in strict accordance with law, is not a public nuisance. Its construction is authorized by law for the promotion of the public welfare; and any damage which a citizen residing in its vicinity may suffer incidentally from its lawful construction, maintenance, and operation is no ground for maintaining an action. He must submit to it for the general welfare. This question has been so ably and thoroughly discussed by Judge REDFIELD, in the case of *Hatch v. V. C. R. R. Co.* 25 Vt. 49, that I take the liberty of quoting at considerable length from his opinion as expressive of the opinion of this court upon the question involved in the present case. The learned judge says:

"The important question in the case is, how far this railroad company is liable for consequential damages to lands near their track, but no part of which is taken by them for any purpose. It seems to be conceded in the argument for

the plaintiff, and assumed on all hands, that nothing in the company's charter, or in any general statute of the state in force at the time, in terms made them liable for such damage."

In the case at bar there is nothing in the original charter of the Northwestern Union Railway Company,[1] or any amendment thereto, or in any general law of this state, which, in terms, makes this company liable for such consequential damages. And the constitution of this state only prohibits the *taking of the property* of a person for public use without making just compensation therefor.

After making the statement above quoted, the judge proceeds to say: "And it seems to us fair to assume that, no such obligation being imposed upon the company in the charter or by the general statutes of the state then in force, it was the purpose of the legislature to exempt them from such obligation so far as they had the power to do so. . . . If, then, the legislature have purposely exempted this company from such an obligation, we do not well perceive how the plaintiff will be fairly able to deprive them of the benefit of the exemption, unless he can show that such an exemption is a violation of the constitutional restriction upon the power of the legislature, or else that it is exempting a particular person from the general liability by law attaching to all other persons similarly situated; and in such case the exemption would be void, probably, as an act of special legislation, upon general principles of reason and justice, like a particular act allowing one citizen perpetual exemption from punishment for all offenses, or from all liability for torts. Perhaps it may be useful to consider this latter ground first. It should be premised, in the very outset, that it is no fair test of the general liability of a railroad company for their acts to argue from what natural persons may lawfully do, and

---

[1] One of the predecessors of the defendant company, which constructed the railroad in question.— REP.

what, if done by them, become a nuisance. There is no doubt that if an individual or a mere partnership should do all that the defendants' company do daily in the village of Burlington, they would become indictable for the continuance of a common nuisance, and a mere statute of exemption from liability to prosecution for crime would not affect their liability. And any citizen suffering special damage by means of such nuisance might have his action, or enjoin the offenders ordinarily, in equity."

After stating that, under their charter, the company had the lawful right to locate their road where it was located, and that such location is conclusive upon all parties as to their right to maintain and operate it on such location, he says: "It will therefore scarcely be claimed that the operations of the defendants in the village of Burlington are a mere nuisance. There was nothing in the proof tending to show that they were so conducted as to be made such by reason of mismanagement as to the time and manner of carrying on their operations, as seems to have been held in some of the New York cases, where the operation of engines near a church on Sunday during the time of public worship was regarded as actionable as a common nuisance causing special damage to this church as a corporation. *First Baptist Church v. S. & T. R. R. Co.* 5 Barb. 79. But in *Drake v. Hudson River R. R. Co.* 7 Barb. 508, it was held, generally, that a road running through streets in a city does not amount to the infringement of private rights, provided the passage is left free to travel. The owners of property bounded on streets have no exclusive right of property in them. . . . The question still recurs, what is to be regarded as a legal injury? If the operations of the railroad in that place are to be regarded as altogether legal, and the adjoining proprietors have no interest in the soil under the street, . . . then the ordinary carrying forward of the business of the railroad, although it may cause annoyance and damage to

the dwellers along the street, could scarcely be regarded as a legal injury, for which an action will lie. In the language of the law, it is *damnum absque injuria*. If the company constructed their road in an improper manner, thus causing needless damage to the adjoining proprietors, or if they wantonly or negligently run their cars or carry on their operations so as in any manner to cause needless damage to such proprietors, they would be entitled to a remedy by action."

The learned judge then goes on and shows that, upon principle and authority, "the first occupier of land acquires no right to exclude an adjoining proprietor from the free use of his land in any proper mode, by erections or excavations." This doctrine of the common law has been repeatedly affirmed by this court, and especially in the case of *Harrison v. Supervisors*, 51 Wis. 645.

After citing and commenting upon numerous authorities, he says: "But in the absence of all statutory provision to that effect, no case, and certainly no principle, seems to justify the subjecting a person, natural or artificial, in the prudent pursuit of his own lawful business, to the payment of consequential damage to other persons in their property or business. This always happens more or less in all rival pursuits, and often where there is nothing of that kind. One mill, or one store or school, often injures another. One's dwelling is undermined, or its lights darkened, or its prospect obscured, and thus materially lessened in value, by the erection of other buildings upon lands of other proprietors. One is beset with noise or dust or other inconvenience by the alteration of a street, or more especially by the introduction of a railway; but there is no redress in any of these cases. The thing is lawful in the railroad, as much as in the other cases supposed. One would not care if they were altogether excluded from cities and large villages; but the legislature have determined otherwise, and the plaintiff must

be content to take his chance with other citizens. These public works come too near some, and too remote from others. They benefit many and injure some. It is not possible to equalize the advantages and disadvantages. It is so with everything, and always will be. We do not expect to have the consolation, if consolation it be, to know that these little inequalities will ever be made precisely equal with us all in this life."

The facts upon which the plaintiff sought a recovery in the case from which the above quotations are made, were of the same kind and character as those stated in the complaint in the case at bar; the only difference being that in the Vermont case it was shown that the railroad had raised an embankment in the street in front of the plaintiff's store about three feet in height and within three or four feet of the front of his store, the store standing on the line of the street. It was a much stronger case for the plaintiff than the one at bar, and under the rule laid down by this court in the case of *Hobart v. Milwaukee City R. R. Co.* 27 Wis. 194, 201–202, it is probable that this court would hold that if an embankment was made so near the plaintiff's building as to obstruct his access therefrom to said street, he would be entitled to recover upon that ground, even though the fee of the street had been in the city or some third party. But from the facts alleged in the plaintiff's complaint there is no question raised as to the obstruction of access from the plaintiff's property to or from the street. The whole side of the street next to plaintiff's property was left open and in its former condition, and the claim that his right to cross the street in front of his building was obstructed is not an allegation of any right which was secured to him by reason of his owning property on the street. Every other person in the city or county has the same right to cross the street in front of plaintiff's property that he has. This right depends upon the fact that there is a public street there, and

Hanlin vs. The Chicago & Northwestern R'y Co.

not upon the ownership of property on one side of the street.

The whole case presented by the first count in the plaintiff's complaint, if construed as not claiming damages for a taking of his land in the street, is fully answered by the very clear and satisfactory argument of the learned judge in the case above cited. The following cases sustain the decision of the Vermont case, and are in accordance with the opinion of this court upon the question above discussed: *Philadelphia & T. R. R. Co.* 6 Whart. 25, 45, 46; *Lansing v. Smith,* 8 Cow. 146; *Susquehanna Canal Co. v. Wright,* 9 Watts & S. 9; *N. & C. Bridge Co. v. Foote,* 9 Bush (Ky.), 264; *Bellinger v. N. Y. C. Railroad,* 23 N. Y. 42; *Richardson v. V. C. R. R. Co.* 25 Vt. 465; *Central Branch U. P. R. R. Co. v. Andrews,* 30 Kan. 590; 14 Am. & Eng. R. R. Cas. 248.

Treating the second count or statement of facts set forth in the plaintiff's complaint as an action to recover damages by reason of an obstruction to the flow of the surface water from the plaintiff's premises in cases of extraordinary rain-storms, and there appears to be a conclusive reason for holding that it does not state facts sufficient to constitute a cause of action. This court has several times held that no action lies to recover damages for the obstruction of the flow of surface water when such obstruction is by an individual or railroad corporation. *O'Connor v. F. du L., A. & P. R'y Co.* 52 Wis. 526; *Pettigrew v. Evansville,* 25 Wis. 223; *Fryer v. Warne,* 29 Wis. 511; *Gannon v. Hargadon,* 10 Allen, 106. There are no allegations in the complaint which would bring the case within the ruling of the court in the case of *Waterman v. C. & P. R. R. Co.* 30 Vt. 610, cited by this court in the case of *O'Connor v. F. du L., A. & B. R'y Co., supra;* nor is there any intimation in the *O'Connor Case* that this court would follow the case of *Waterman v. C. & P. R. R.*

*Co.* upon the same state of facts, and no opinion is intended to be expressed upon that subject in this opinion.

We hold — *First*, that where the owner of real estate has, by express or tacit consent, permitted a railroad company to enter upon his lands, construct their road-bed and track thereon, and occupy the same for the purposes of a railroad, he cannot afterwards bring an action of trespass to recover damages for such entry and occupation, but he must be restricted to proceedings under the statute to have his compensation and damages assessed; and, *second*, that incidental damages resulting from the lawful location, construction, maintenance, and operation of a railroad in the vicinity of the lands and premises of a party, none of whose lands or premises are taken or occupied by the railroad company, do not constitute a cause of action in favor of such party, and the fact that the railroad is located on and along a public street does not affect the rights of the parties, unless it be in a case where the location of the railroad is such as to interfere with the right of the owner of the lands or premises to access to and from his land or premises to the street along which such railroad is constructed; and, *third*, as a general rule the obstruction of the flow of mere surface water from the land of a party, by the construction of a railroad, does not constitute a cause of action in favor of such party.

*By the Court.*— The order of the circuit court overruling the demurrer to the complaint is reversed, and the cause is remanded for further proceedings according to law.