## James Carroll *vs.* Wisconsin Central Company.

### February 11, 1889.

**Railway—Liability for Noise, Smoke, etc.**—No action lies against a railroad company for the inconveniences necessarily caused to premises in the vicinity by noises, smoke, jarring of the ground, etc., arising from properly and prudently operating its railroad upon its own lands, or upon land in which the party complaining has no interest.

Plaintiff, for 19 years owner of lot 3, in block 16, in Brunson's addition to St. Paul, and of two tenement houses thereon, brought this action to recover damages for the injury to the rental value of the property caused by the operation of defendant's railway over the adjoining lot 2 (owned by defendant) in the same addition, and over a public alley adjacent to plaintiff's premises. The complaint alleges that ever since the construction of the railway, (in 1884,) smoke, cinders, and dust have been thrown from the locomotives into the

houses, and great noise and jarring have been occasioned in the houses, all which has been and is offensive to the senses and injurious to the health of plaintiff's tenants living therein, deprives them of the comfortable enjoyment of life, obstructs plaintiff in the free use of his property, and has lessened the rental value of it from $100 per month to $10 per month. The complaint also alleges the construction and operation, not only of defendant's main track, but also of "five railroad tracks over said lot 2 (and over a public alley in the rear of and abutting on plaintiff's said premises, and obstructing and preventing all approach thereto,) parallel to said main track and as a portion of its said railroad line," and used by defendant night and day in its business.

A general demurrer to this complaint was sustained by *Brill*, J., and the plaintiff appealed.

*S. L. Pierce*, for appellant.

*Lusk & Bunn*, for respondent.

GILFILLAN, C. J. Previous decisions of this court fully dispose of the question presented in this case. We will refer to two of them. In *Rochette* v. *Chicago, Mil. & St. Paul Ry. Co.*, 32 Minn. 201, (20 N. W. Rep. 140,) it was held that no action by a land-owner lies for the damage or inconvenience caused to his land in consequence of a railroad company lawfully constructing its road across a highway (not opposite his land) in such manner as to render access to his land more inconvenient. The reason on which the decision proceeded was that in such case the injury sustained by him is not special to him, but is the same in kind, though perhaps greater in degree, as is sustained by the public at large. The effect of sections 14, 17, 18, c. 34, Gen. St. 1878, was considered, and they were held not to give any new cause of action. In *Adams* v. *Chicago, B. & N. R. Co.*, 39 Minn. 286, (39 N. W. Rep. 629,) a railroad had been lawfully and properly constructed along in the street on which plaintiff's lot abutted, but beyond the centre line of the street, and was operated in a prudent and proper manner. It was decided that the owner of a lot abutting on a street has, without regard to the ownership of the soil, as appurtenant to his lot, an easement in the street to the full width thereof, for the admission of light and air to his lot, which easement

is subordinate only to the public right; that the operating of a railroad in the street opposite his lot, lawfully and properly constructed, (but without making compensation to him,) and carefully and properly operated, if it darken the light and pollute the air coming upon his lot from that part of the street, is an injury special to him, and not common to him and the public at large; but that his claim to damages for such inconveniences is confined to those caused by operating the railroad directly in front of his lot, and does not extend to those caused by operating it on any other part of the street. A new trial was ordered because the trial court admitted evidence of damage which took in the inconveniences caused by operating the railroad on parts of the street to which plaintiff's easement did not extend. The principle upon which the decision rested is stated: "It is well settled that where there is no taking of or encroachment on one's property or property rights by the construction and operating of a railroad, any inconveniences caused by it, as from noises, smoke, cinders, etc., not due to improper construction or negligence in operating it, furnish no ground of action; as when the railroad is laid wholly on land which the company has acquired by purchase or condemnation." We are not cited to any case deciding the contrary of this proposition, nor do we know of any. Railroads are a public necessity. They are always constructed and operated under authority of law. They bring to the public great benefits; to some persons more, to other persons less. The operating them in the most skilful and careful manner causes to the public necessary incidental inconveniences, such as noise, smoke, cinders, vibrations of the ground, interference with travel at the crossings of roads and streets, and the like. One person may suffer more from these than another. For instance, one whose premises lie within a hundred feet of the railroad will feel the inconveniences in a greater degree than one whose premises are at the distance of a thousand feet; and one who has to pass many times a day along a street crossed by a railroad suffers more inconvenience from it than one who seldom has occasion to pass. But the difference is only in degree, not in kind. Such inconveniences are common to the public at large. If each person had a right of action because of such inconveniences, it would go far to

render the operating of railroads practically impossible. As the court said in the *Rochette Case:* "No law ever proposed to give indemnity for all losses occasioned by the construction of railroads and other public improvements; if it did, it would extend indefinitely."

Order affirmed.