**JOHN HRUSKA v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]**

February 5, 1909.

Nos. 15,933—(177).

**Encroachment on Highway—Evidence.**
> The evidence *held* to sustain the finding of the trial court that there was a public highway in front of the plaintiff's property and that the defendant had constructed its tracks thereon without authority.

Action in the district court for Le Sueur county to recover $3,000 damages for the wrongful use of the highway in front of plaintiff's dwelling for railroad purposes, and to restrain defendant from operating a railroad thereon or in any manner obstructing the free use of the street by the public and by plaintiff. The facts are stated in the opinion. The case was tried before Morrison, J., who made findings and as conclusion of law found that plaintiff was entitled to judgment enjoining defendant from maintaining its railroad upon the westerly six feet owned by plaintiff and that plaintiff recover one dollar damages. From an order denying the motion of defendant to amend the findings of fact and conclusions of law and for a new trial, it appealed. Affirmed.

[1] Reported in 119 N. W. 491.

*John I. Dille, Eugene Bryan,* and *George W. Seevers,* for appellant.
*A. J. Edgerton,* for respondent.

ELLIOTT, J.

This is an appeal from an order denying the defendant's motion for a new trial, after an order for judgment enjoining and restraining the railway company from maintaining its tracks upon a certain street in front of the plaintiff's land.

In the year 1885 the respondent, Hruska, purchased from E. H. Phelps a tract of land twenty eight feet in width from north to south and eighty five feet in length from east to west, situated in block 19½ of Richter's addition to Montgomery, Minnesota. Hruska then entered upon and took possession of the land, and erected thereon a dwelling house, which he occupied some time in January 1886, and for more than twenty years thereafter, and until the commencement of this action. The deed, which was dated and delivered October 26, 1885, conveyed a tract of land described therein by metes and bounds, being twenty eight feet in width from north to south and seventy five feet in length from east to west. By this deed the grantor intended to convey the tract of land which had been sold to and taken possession of by Hruska, but by mistake of the scrivener it was made to convey a different tract of land. Hruska went into possession of the land under claim of title thereto by virtue of the deed made to him by Phelps, and did not discover that there had been a mistake made in the description in the deed until he had been in possession for more than fifteen years.

Some time in 1880 Hruska also purchased from August Richter a tract adjoining the land purchased from Phelps, and on the south line thereof, eighty five feet in length from east to west and fifty five feet in width from north to south, and erected thereon barns and stables, and on August 24, 1905, Richter executed to Hruska a conveyance of the two tracts or parcels of land which constitute the premises now claimed to be owned by Hruska. On January 12, 1892, Phelps conveyed to James Quirk the tract of land which was then in possession of Hruska, who then conveyed it to the James Quirk Milling Company, which, so far as it was able, gave the railway company the right to construct the tracks in question.

When Hruska went into possession of the tract purchased of Phelps, there was in front and immediately west of the land a public way, and Hruska, in erecting his dwelling house, constructed it with the front end six feet east of the west line of his premises, and in front of the house laid a sidewalk six feet in width extending out to the public way, which constituted the only means of access to or egress from the said premises. For more than six years continuously, immediately prior to the construction of the track by the appellant, this public way was traveled, used, kept in repair, and worked as a public highway to the width of forty feet immediately west of the west line of the land so purchased and occupied by Hruska. In August 1906 the appellant entered upon the public way and constructed a track thereon, which occupies that part of the way immediately west of Hruska's land, to the injury and danger of Hruska. The court found these facts and ordered judgment enjoining the appellant from maintaining the railway bed and track upon the westerly six feet of the plaintiff's land and that the plaintiff recover one dollar damages.

The assignments of error question practically all the findings of the court, but the real question in the case is whether there is a highway west of the respondent's land. We think that the evidence sustains the finding upon this issue, and Hruska thus has the title to the six feet in question, subject to the easement of the public. It is clear that he suffered special damages which enables him to maintain this action. Carroll v. Wisconsin Central Co., 40 Minn. 168, 41 N. W. 661; Römer v. St. Paul City Ry. Co., 75 Minn. 211, 77 N. W. 825, 74 Am. St. 455. The plats and evidence are a trifle confusing, and some of the claims of parties are not very clear and consistent; but it is clear that Hruska has a good title to at least all of the land except the six feet which has been occupied by the railway company. There is some evidence tending to show that the public authorities recognized the land, of which the six feet is a part, as a public highway, and treated it as such, by making improvements thereon when needed and expending public money therefor. This use extended over many years, and as a whole the evidence was sufficient to sustain the finding that the street had been established by a common-law dedication. Brakken v. Minneapolis & St. L. R. Co., 29 Minn. 41, 11 N. W. 124. The respondent, being dependent upon this way for access to and egress from

his premises, had a special interest in the street different from the general public.  Shaubut v. St. Paul & S. C. R. Co., 21 Minn. 502; Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072.

Order affirmed.