# FINK *v.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 22,310. Filed April 30, 1914.]

1. RAILROADS.—*Operation.—Nuisance.—Liability for Damages to Adjacent Land.*—The owner of land adjacent to a railroad cannot recover damages caused by cinders and smoke from passing trains, necessitating the removal of some of his buildings to avoid the danger from fire, and causing discomfort and annoyance in the occupation of other buildings, unless the injury was the result of negligence in the operation of the trains. p. 542.

2. EMINENT DOMAIN.—*Construction of Railroad.* — *Liability for Damage to Adjacent Land.*—*Statutes.*—Section 6 of the eminent domain act (Acts 1905 p. 52, §934 Burns 1914), providing that the appraisers, in making their report as to damages sustained by property owners in proceedings arising under such act, shall include "such other damages as will result to any persons or corporation from the construction of the improvements in the manner proposed," even if authorizing an adjacent landowner, none of whose land was taken for a railroad right of way, to recover damages, would authorize such recovery only where it appears that the right of way was acquired in the exercise of eminent domain, and not by purchase. p. 543.

3. ACTION.—*Statutory Remedy.* — *Pleading.*—One who seeks to avail himself of a remedy provided by statute must bring himself substantially within the provisions of the statute on which he relies. p. 543.

4. PLEADING.—*Complaint.*—*Presumptions.*—It is presumed that a party will state his cause of action as favorably to himself as the facts will permit. p. 543.

From Superior Court of Marion County (72,929) ; *Charles J. Orbison,* Judge.

Action by Henry J. Fink against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellant.

*Charles W. Smith, Henry H. Hornbrook, Albert P. Smith* and *Frank L. Littleton,* for appellee.

SPENCER, J.—Appellant instituted this action to recover damages alleged to have been sustained by reason of the relocation of appellee's railroad and right of way. The facts, in substance, are thus set out in appellant's complaint. Appellee is a duly incorporated steam railroad company, under the laws of the State of Indiana, and, prior to the year 1905, owned and operated a line of railroad which extended along the east line of certain farm lands owned by appellant and was located within about seventy feet of appellant's residence on said farm. That by reason of the proximity of said house to said railroad, appellant, about

the year 1898, constructed near the northwest corner of his said farm a new residence, a large bank barn and other farm buildings, and expended a large sum of money in constructing said buildings and in beautifying the grounds around the same. That in the latter part of the year 1905 and the early part of the year 1906, appellee constructed a new double track line of railroad along a right of way, 100 feet wide, lying west of and immediately adjacent to appellant's said farm, the east of which double tracks is only forty-two feet from the west line of said farm. That appellee constructed said railroad to the west of and adjoining appellant's farm, well knowing that said railroad, in the operation thereof, would cause great damage and loss of property to appellant by reason of the nearness of appellant's said buildings thereto. That on or about August 15, 1906, appellee began the operation of its trains over said new line of railroad and discontinued the use of its old tracks along the east side of said farm. That cinders, sparks and coals from appellee's passing trains have caused fire to start on appellant's said premises near said buildings and owing to the proximity of said railroad to said buildings, he was unable to obtain insurance thereon. That he was compelled, at a great expense, to move said buildings, excepting said residence, to a point about two hundred feet east of their first location. That escaping smoke and cinders from passing locomotives on appellee's said railroad are cast over and upon appellant's premises and into his home, greatly to the annoyance and discomfort of appellant and his family, and greatly lessening the value of his property. A demurrer to this complaint was sustained by the trial court and such ruling is now challenged by this appeal.

Appellant sums up his position in two propositions, as follows: (1) That where a railroad right of way is constructed in this State and a landowner is damaged by its construction, on account of cinders and smoke from passing

trains, and buildings are removed to avoid danger from fire, etc., and the comfort and enjoyment of his land is seriously interfered with, it constitutes a taking of property within the meaning of the Constitution of Indiana, although none of his land is actually taken for the right of way; (2) that the fourth clause of §6 of the eminent domain act of 1905 (Acts 1905 p. 59, §934 Burns 1914) gives damages where the same are sustained by a landowner on account of the construction of a railroad adjacent to his land, although no part of his land is actually taken for the right of way.

For a decision of the first proposition thus presented, we deem it sufficient to refer to some of the cases in which substantially the same question was involved. In 1. *Roman Catholic, etc.* v. *Pennsylvania R. Co.* (1913), 207 Fed. 897, 904, 125 C. C. A. 629, the court stated it to be "a principle well established by reason and authority, that the consequential, incidental and unavoidable annoyance or damage resulting to the occupiers of land adjacent to a duly authorized railroad, from its nonnegligent and careful operation, does not constitute an actionable nuisance", and held that the causing of such damage to a property owner by the nonnegligent operation of a railroad did not constitute a taking or appropriation of his property without due process of law, or just compensation. In *Beseman* v. *Pennsylvania R. Co.* (1888), 50 N. J. L. 235, 13 Atl. 164, the court reviewed the question at some length and held that a railroad company is not responsible for the incidental damages occasioned to adjacent landowners by the operation of its railroad, where the same is not operated in a negligent manner. See, also, *Boothby* v. *Androscoggin, etc., R. Co.* (1862), 51 Me. 318; *Carroll* v. *Wisconsin Cent. R. Co.* (1889), 40 Minn. 168, 41 N. W. 661; *Hanlin* v. *Chicago, etc., R. Co.* (1884), 61 Wis. 515, 21 N. W. 623. The complaint contains no charge that appellee was negligent in

the operation of its trains and we must conclude that the case falls within the rule announced in the authorities, *supra.*

Appellant's second proposition is based on language used in §6 of the eminent domain act of 1905 (Acts 1905 p. 59, §934 Burns 1914), wherein it is provided that the

2. appraisers, in making their report as to damages sustained by property owners in proceedings arising under such act, shall include therein "such other damages as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff." Whether this language is open to the construction for which appellant contends, we cannot determine for the reason that appellant has not brought himself within the provisions of the statute. The title of the act in question is "An Act concerning proceedings in the exercise of eminent domain," and is not broad enough to include the acquiring of property by purchase. *Morgan* v. *State* (1913), 179 Ind. 300, 101 N. E. 6, and cases cited.

3. The rule is well settled that where a party seeks to avail himself of a remedy provided by statute, he must bring himself substantially within the provisions of the statute on which he relies, but appellant has failed to state facts tending to show that appellee acquired its new right of way by the exercise of eminent domain. Since it is presumed that a party will state his cause of action

4. as favorably to himself as the facts will permit, we must conclude that in this instance appellee's right of way was acquired in some manner other than by the exercise of the right of eminent domain. Under such circumstances, the act of 1905 does not apply. Judgment affirmed.

NOTE.—Reported in 105 N. E. 116. As to elements of damage considered, other than loss of property, in eminent domain proceedings, see 85 Am. St. 299. On the question of the right, under constitutional provision against "damaging" private property for public use without compensation, to compensation for consequential damages

to property, no part of which is taken, from smoke, noise, dust, etc., incident to ordinary operation of railroad, see 17 L. R. A. (N. S.) 1054; 40 L. R. A. (N. S.) 48. See, also, under (1) 33 Cyc. 644; (2) 15 Cyc. 655; (3) 31 Cyc. 115; (4) 31 Cyc. 79.