GREAT NORTHERN RAILWAY COMPANY v. CLAUS
J. JOHANNSEN.[1]

IN RE PETITION OF GREAT NORTHERN RAILWAY COMPANY
FOR CONDEMNATION OF LANDS, ETC.

April 11, 1919.

No. 21,144.

**Eminent domain — damages measured by use of land.**

1. In determining damages to a farm by the taking of a part thereof
by a railway in a condemnation proceeding, it is proper to show the
use made of the land so taken by the company.

**Same — refusal to give instruction to jury.**

2. It appearing that the use made by the railroad company converted
the land taken and the public highway therein included into a railroad
yard, necessitating the use of another and longer road into the nearby
village, and also that the farm of respondent was deprived of certain
advantages derived from the existence of the road, it was not error
to refuse a requested instruction that obstructions of the road could not
affect the damages to be awarded.

**New trial — damages not affected by error.**

3. An error in permitting an inquiry as to the tracks being planked
where laid in the road, is not shown to have entered into the compu-
tation of damages so as to require a new trial.

In the matter of the condemnation of certain land for additional
station grounds at Ihlen, Minnesota, the Great Northern Railway Com-
pany, pursuant to G. S. 1913, §§ 5407, 5408, appealed to the district
court for Pipestone county from the award of damages made to Claus
J. Johannsen, on the ground that the sum of $1,600 awarded him was
grossly excessive. The appeal was heard by Dean, J., and a jury which
assessed respondent's damages at $1,000. From an order denying its
motion for a new trial, plaintiff appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*Morris Evans,* for respondent.

[1]Reported in 171 N. W. 775.

HOLT, J.

The jury fixed the damages at $1,000 for the taking of a part of respondent's farm in a condemnation proceeding instituted by appellant, and it appeals from the order denying a new trial.

Respondent owns a quarter section farm immediately north of the quarter section upon which the village of Ihlen is located. Along the east line of the farm a public road leads into Ihlen. The land taken by the appellant is 2.17 acres in the southeast corner, triangular shaped, the east side of the triangle, bordering the road, being twice the distance of the south side. The best site for the farm buildings is near the road, and a few rods north of the land taken. It was made to appear that four or five railroad tracks, running in a northeasterly direction, have been laid over this corner, cutting the public road very much on a slant, so that the road is virtually occupied with tracks for a distance of 40 rods north of the south line of the farm. With that situation, it would seem that now the only reasonably safe way to reach Ihlen from the building site of the farm is to go north some 40 rods on the road mentioned to a cross road, thence east on the latter about a half mile, and thence southwesterly, again striking the first mentioned road a few rods south of the land taken. This practically doubles the distance to Ihlen for occupants of respondent's farm.

The errors assigned relate to the admission of evidence touching the use made by appellant of the land taken, and to the refusal to instruct the jury that "they cannot take into consideration as an element of damages any damages resulting from the claimed obstruction of the highway rendering travel across the same more difficult or dangerous."

The admission of evidence as to the actual use and contemplated use of the strip taken, including the part of the highway located thereon, was clearly right. It is true that, annexed to the right of a railway to lay its tracks upon or across a public road, there is the duty to make the travel thereon reasonably safe, provide for planking for its tracks, and refrain from blocking travel for an unreasonable length of time with trains or cars. It is also true that, even when this duty is efficiently performed, there may still be danger, delay and inconvenience to public travel. For such danger, delay or inconvenience shared in common with other users of the highway, though perhaps in a higher degree by re-

spondent because of his more frequent need of its use, there can be no compensation in this proceeding. However, respondent was peculiarly affected as owner of this farm by the installation of the tracks upon the part taken. It is not shown that the direct highway from his farm has been vacated, but it might as well have been. No matter how well appellant may perform its duty of planking and maintaining the roadway, public travel thereon will be practically out of the question. The road passes for 40 rods through a switching yard. By that situation the occupants of respondent's farm are virtually deprived of the short and convenient access to the church, school and business facilities of the nearby village, and must needs make use of a roundabout road of twice the distance, and to reach this roundabout road they must travel some distance away from Ihlen, which other users of that road need not travel in going to or returning from that village.

It may also be noted that before the taking respondent had direct access to the road from every point of the easterly boundary line of his quarter section, so that in working the farm he could turn on the road, and under section 2558, G. S. 1913, he might make a limited use of part thereof, whereas, by this taking, 40 rods of direct access and limited use were cut off. It is plain that the taking of this piece of land, embracing the road adjacent to respondent's farm and making a railroad yard thereof, affected him in a different manner than others entitled only to the ordinary use of a highway.

Appellant relies upon Rochette v. Chicago, M. & St. P. Ry. Co. 32 Minn. 201, 20 N. W. 140; Carroll v. Wisconsin Central Co. 40 Minn. 168, 41 N. W. 661; Proprietors of Locks & Canals v. Nashua & L. Ry. Co. 64 Mass. [10 Cush.] 385; Gorgas v. Philadelphia, Etc., R. Co. 144 Pa. St. 1, 22 Atl. 715; Watts v. Norfolk & W. R. Ry. Co. 39 W. Va. 196, 19 S. E. 521, 23 L.R.A. 674, 45 Am. St. 894; and Simons v. Mason C. & F. D. R. Ry. Co. 128 Iowa, 139, 103 N. W. 129. In the cases from this court and in the 64 Mass. the land taken or occupied by the railroad was not taken from the tract of the party who asked compensation. In the other cases just enumerated it does not clearly appear that the land claimed to be affected or damaged had embraced the part appropriated by condemnation. In Walker v. Old Colony & Newport Ry. Co. 103 Mass. 10, 4 Am. Rep. 509, cited by appellant, it was; and the rule there

applied was substantially as given by the trial court in this case. That case also sanctions the admission of evidence showing how the part taken is used as affecting the value of the remaining portion of the lot or farm.

In the charge there was nothing authorizing the inclusion of damages on account of the difficulty and danger of traveling from the farm to Ihlen over this direct road traversed by the railroad tracks. And, because of the peculiar situation above set out, we think the court in the right when the requested instruction upon which error is assigned was refused. Insofar as the difficulty in using the direct road might be said to amount to an obstruction thereof necessitating another longer and circuitous course, it enhanced the damages to be awarded.

The inquiry as to the existence of planking, between the tracks laid upon the road, at the time of the trial, should not have been allowed. Appellant is by statute compelled to plank tracks in a highway, and if it had not had time, or had neglected to comply with the statute, it can be forced so to do at once. But we are not persuaded that the item of testimony affected the amount of damages to appellant's prejudice. Its own witnesses placed the damages as high as from $700 to $800, the commissioners at $1,600, respondent's witnesses placed it higher, and the jury at $1,000. It is believed the jury could not have been led far afield by the improper inuiry as to planking.

Order affirmed.