## WILMONT v. CITY OF SOUTH BEND.

[No. 27,853. Filed May 18, 1943. Rehearing denied June 22, 1943.]

*Theodore G. Wood* and *Leo J. Lamberson,* both of South Bend, for appellant.

*Nathan Levy* and *Joseph A. Roper,* both of South Bend, for appellee.

SHAKE, J.—This is an appeal from a judgment rendered against the appellant upon his refusal to plead over after a demurrer to his complaint had been sustained. It was alleged in the complaint that the appellant was for a long time a policeman of the City of South Bend; that on August 19, 1939, he became ill with hay fever and asthma, whereupon he reported his condition to the appellee and requested that he be provided with medical attention and granted sick leave; that he went, next day, to Minnesota where he remained until September 19; and that upon his return he was in-

formed by the chief of police that charges had been filed against him before the Board of Public Safety for absence from duty without leave, and that the hearing had been set for September 25. It was further alleged that on September 25 the appellant was wrongfully and unlawfully discharged without just cause by the board, over his objection, "to make room for quasi political preferred friends." The complaint sought damages for breach of the contract of employment. It was not alleged that the appellant demanded a hearing before the Board of Public Safety or that he sought to have the order of discharge reviewed by a court.

The appellant's tenure rights are controlled by § 48-6105, Burns' 1933 (Supp.), § 11478, Baldwin's Supp., 1935. Said act provides, among other things, that a member of a police force may be removed by the Board of Public Safety for absence without leave, but that a hearing shall be had on the charges, if demanded. One so dismissed may "appeal" from an order of discharge to the circuit court within 30 days. "The decision appealed from shall not be stayed or affected pending the final determination of such appeal, but shall remain in full force and effect until and unless modified or reversed by the final judgment of the court."

The contentions of the appellant are: (1) That the statute above referred to is unconstitutional because it undertakes to deny an appeal to this court from final judgments of circuit or superior courts entered in review of orders of boards of public safety, and because it impairs the obligation of contracts; and (2) that the appellant had the right to elect whether he would pursue the statutory remedy or bring a common-law action for breach of his contract of employment.

To maintain the proper balance between the departments of government, the courts have power to confine

administrative agencies to their lawful jurisdictions. The act before us will not be construed as depriving the appellant of a judicial review of the order of discharge or as denying him the right of an ultimate appeal to this court. This subject was fully considered in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399. The statute is not open to the first objection urged against it.

There is no element of the impairment of a contract here involved. Whatever rights the appellant possessed were by virtue of the statute, which he now attacks. If the statute is void he was merely the employee of the city at sufferance and subject to discharge at will. *City of Frankfort* v. *Easterly* (1943), *ante*, p. 268, 46 N. E. (2d) 817, 47 N. E. (2d) 319. The appellant may not claim the benefits of this statute and, at the same time, challenge its validity on the ground that it impairs his contract rights. *Swing* v. *Kokomo Steel and Wire Co.* (1921), 75 Ind. App. 124, 125 N. E. 471.

The appellant says that in 1923 when he became a member of South Bend police force the statute then in force (Acts 1905, ch. 129, § 160, p. 339) permitted him to bring an action for breach of his contract of employment without bond within six (6) years. He reasons that the present statute impairs the obligation of his contract by limiting the time for bringing an action to review an order of discharge to thirty (30) days and by requiring a bond for costs. Ordinarily, the statute of limitations forms no part of a contract; it affects the remedy only, and that statute governs which happens to be in force when suit is brought. *Winston* v. *McCormick* (1848), 1 Ind. 56, Smith 8; *State ex rel. Trimble* v. *Swope* (1855), 7 Ind. 91. There is no constitutional inhibition against the

Legislature shortening the limitation within which an action shall be commenced, so long as a reasonable time is provided; and what period of time is reasonable for that purpose is for the Legislature to determine, if there is no denial of justice. 34 Am. Jur., Limitation of Actions, § 21, p. 29. Costs are a part of the burden of litigation, and no litigant is deprived of a constitutional right by statutes which impose such costs upon him. *Daniel* v. *Daniel* (1921), 116 Wash. 82, 198 P. 728, 27 A. L. R. 177.

The cases of *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. (2d) 321, and *State ex rel. Shanks* v. *Common Council of the City of Washington* (1937), 212 Ind. 38, 7 N. E. (2d) 968, lend no support to the appellant's claim that he had a right to elect whether he would pursue the statutory remedies by demanding a hearing and a judicial review, or maintain a common law action for breach of contract. The Maddox case was for breach of contract, while the Shanks case was to mandate a municipality to reinstate wrongfully discharged firemen. In both cases it was held that the actions were proper although there had been no demand for a hearing. But these conclusions were based upon the fact that no charges had been preferred upon which a hearing might have been demanded. On the other hand, it was distinctly held in *City of Michigan City* v. *State ex rel. Seidler* (1937), 211 Ind. 586, 5 N. E. 968, that under the statute an employee may be removed without a hearing after charges have been made, unless a hearing is demanded. It follows that if charges are filed, no hearing is demanded, an order of discharge is entered, and no steps are taken to obtain a judicial review within the time allowed, the employee is bound by the order of discharge. This comports with the rule that one who

seeks to avail himself of a remedy provided by statute must bring himself substantially within the provisions of the statute on which he relies. *Fink* v. *Cleveland, C. C. & St. L. R. Co.* (1914), 181 Ind. 539, 105 N. E. 116.

The judgment is affirmed.

NOTE.—Reported in 48 N. E. (2d) 649.