Lawrence R. WALSH, and Joan M.
Walsh, Appellants (Plaintiffs
Below),

v.

Joseph S. HALTEMAN, and Halteman
Homes, Inc., Appellees
(Defendants Below).

No. 1–180A7.

Court of Appeals of Indiana,
First District.

April 29, 1980.

Rehearing Denied June 2, 1980.

John T. Lorenz, Kightlinger, Young, Gray
& De Trude, Indianapolis, for appellants.

Mark C. Stamper, Wisehart & Stamper,
Middletown, for appellees.

ROBERTSON, Presiding Judge.

Plaintiff-Appellants Lawrence R. Walsh
and Joan M. Walsh (Walsh) brought suit
against the Defendant-Appellees, Joseph
Halteman and Halteman Homes, Inc.
(Halteman), alleging negligence, breach of
implied warranty and strict liability in the
construction of their house. The alleged
liability was for destruction of the house by
fire on December 8, 1976. Halteman an-
swered and raised as an affirmative defense
that the action was barred by the statute of
limitations for deficiencies in construction
of improvement of real estate. Ind. Code
34–4–20–2.[1] Summary judgment was
granted on the basis that the statute of
limitations was effective against Walsh and

---

1. IC 34–4–20–2 provides:

No action to recover damages whether
based upon contract, tort, nuisance, or other-
wise.

(a) For any deficiency, or alleged deficien-
cy, in the design, planning, supervision, con-
struction, or observation of construction, of
an improvement to real property, or

(b) For an injury to property, either real or
personal, arising out of any such deficiency,
or

(c) For injury to the person, or for wrong-
ful death, arising out of any such deficiency,
shall be brought against any person perform-
ing or furnishing the design, planning, super-
vision, construction, or observation of con-
struction, of an improvement to real proper-

that the one year, one month and nineteen days left in the ten year period in which Walsh could file the suit was reasonable.

We affirm.

The undisputed facts reveal the following chronology:

| | |
|---|---|
| May 31, 1968 | — House substantially completed. |
| December 8, 1976 | — Fire. |
| April 12, 1977 | — IC 34–4–20–2 amendment to cover construction deficiencies made effective. |
| May 31, 1978 | — Expiration of ten years after substantial completion. |
| October 18, 1978 | — Suit commenced. |

Walsh raises three issues for review. The first is whether the statute was meant to apply to causes of action which had already accrued before its passage or, in other words, the statute was not meant to be applied retroactively. The second issue is whether the trial court erred in holding, as a matter of law, that the period of one year and approximately two months (expiration of the ten year statute of limitations) was reasonable, but that one year and six months (suit commenced) was not. The third issue is whether the determination of "reasonable time" was a determination to be made by a fact finder or as a matter of law. We will treat the issues together.

We assume for purposes of this appeal that Walsh timely filed suit, but for IC 34–4–20–2.

■ It is well-settled in this State that the statute of limitations in force at the time of suit governs, even though it shortens or lengthens the period of limitations. *Sansberry v. Hughes,* (1910) 174 Ind. 638, 92 N.E. 783; *Green v. Karol,* (1976) Ind.App., 344 N.E.2d 106, 112.

*Sansberry, supra* 174 Ind. at 641, 92 N.E. at 784 states:

That which courts look to in the application of the limitation statute, in force

at the time suit is brought, is not whether the statute will be prospective or retrospective in operation, but, whether the complaining party had a reasonable time, after the taking effect of the present statute, in which to enforce his right.

In *Sansberry* the appellant purchased land at a tax sale in 1900. He obtained and had a deed recorded in 1906. In 1903, a statute was made effective which stated that a person must obtain and record a deed in a tax purchase of land within four years of the date of sale, or forfeit his lien. This changed the law by shortening the time from fifteen years. The Court stated at 641–42, 92 N.E. at 784–85:

The enactment reflects the legislative judgment, that 15 years is an unreasonable time for a party to play hide and seek with a lien upon his neighbor's title, to the probable embarrassment and injury of the owner.

The record shows that appellant had about one year after the taking effect of the statute of 1903 in which to take out and record his deed. This time was abundantly reasonable, and having failed to act, or show excuse for not acting, his right must be held to come within the operation of the statute.

■ We think that Walsh misconstrues the trial court's task in examining the effect of the shortening of the time period.[2] It is the Legislature that made the determination of what is a proper time—here ten years after construction. The judicial task is to examine whether the statute of limitations which intervened between accrual of the cause of action and the commencement of the suit works a misjustice upon the party affected by it. *See Wilmont v. City of South Bend,* (1943) 221 Ind. 538, 48 N.E.2d 649; *McClain v. Chavez,* (1978) Ind. App., 383 N.E.2d 414. We do not see the judicial task as determining what is a rea-

___

ty, unless such action is commenced within ten [10] years from the date of substantial completion of such improvement.
This act was first passed in 1967, excluding construction, which was added in 1977.

2. Walsh does point us to *Dale v. Frisbie,* (1877) 59 Ind. 530 which did allow a "reasonable time" regardless of the time left under the intervening statute. The later case of *Sansberry, supra,* impresses us as better authority, as it recognizes the role of the Legislature in the process.

sonable time in which the plaintiff can bring suit (unless, of course, he is substantially or totally barred by the intervening statute), but rather to determine whether the new legislative framework provides the plaintiff at bar a reasonable time in which to sue. It is clearly a question of law for the trial court to determine whether the new legislative framework provides this plaintiff a reasonable time in which to sue. Being a question of law for the trial court to determine, and if the basic facts are not in dispute, it is a proper determination for summary judgment. *Regents of the University of California v. Hartford Accident and Indemnity Co.*, (1976) 59 Cal.App.3d 675, 131 Cal.Rptr. 112, *vacated on other grounds* (1978), 21 Cal.3d 624, 147 Cal.Rptr. 486.

We are impressed by the consideration of a similar situation in *Regents of the University of California, supra*. In that case the owner of a building brought action against a contractor's surety for latent defects in a building built by the contractor for the owner. The facts disclose that the building was substantially completed on September 2, 1962. On March 4, 1972, a statute similar to the one here was made effective. In January of 1972, the owner discovered deterioration in the structure due to what he claimed was defective construction. The owner sued on July 5, 1974 on the theories of negligence, implied warranty and breach of contract. Summary judgment based on the new statute of limitations was granted to the surety.

In examining the issue, the California court made the point that the *intent* of the legislature should be considered in examining whether the legislature wishes the statute to be applied only to buildings built after the statute is passed.

> Here it is obvious that the intent of the statute is, as has been stated, to "terminate substantive liability by decreeing that after the passage of a specified time the causal connection between defect and injury will no longer be legally recognized". . . . If public policy, as enunciated through the act of the Legis-

lature, requires that disputes involving alleged breach of contract or negligence in the development or improvement of real estate should find repose, with respect to the parties mentioned in the statute, in any event at the expiration of ten years, there is no reason to distinguish between developments substantially completed before or after the effective date of the statute. It is therefore concluded that the Legislature intended the statute to apply to existing causes of action insofar as it was constitutionally possible to do so. [Citations omitted.]

131 Cal.Rptr. at 127.

The California court went on to distinguish cases in which the action would be barred as of the effective date of the new statute by applying the new limitation to shorten the time, from cases, as here, where the cause of action is not barred, but the time is shortened by the new statute.

The California court concluded it was a question of law to be determined by the court as to whether the *legislative decision* to effectively shorten the time was constitutionally reasonable.

> Whether there was a reasonable time in these cases is not a matter committed to the discretion of the trial court. The question is one of constitutionality of the statute which in terms applies to the pending case; and if it appears that there was a reasonable time for exercise of the remedy before the statutory bar became fixed, the lower court cannot consider individual hardship or other circumstances, but must give effect to the express provisions of the law.

131 Cal.Rptr. at 129–30 [quoting *Rosefield Packing Corp. v. Superior Court*, (1935) 4 Cal.2d 120, 122, 47 P.2d 716].

■ We think the trial court made the proper determination that the statute of limitations applied and that the one year and two months left in the ten year statute of limitations was reasonable and thus find no error in the decision.

Judgment affirmed.

NEAL, J., concurs.

BUCHANAN, C. J., (sitting by designation) concurs.