## WHITMAN *v.* WHITMAN.

[No. 20,301. Filed April 18, 1966. Rehearing denied June 7, 1966. Transfer denied February 8, 1967.]

*Edgar A. Grimm,* of Kendallville, and *Howard S. Grimm,* of Auburn, and *Grimm & Grimm,* of Auburn, and *Grimm, Grimm, Purdy & Hanson,* of Kendallville, both of counsel, all for appellant.

*Phyllis Gratz Poff,* of Auburn, for appellee.

MOTE, J.—This appeal emanates from a divorce proceeding instituted by the appellant, Vernon Whitman, against the appellee, Helen Whitman. In his complaint for divorce the appellant, in pertinent part, alleged that appellee had been guilty of cruel and inhuman treatment which rendered intolerable their further relationship as husband and wife. The appellant further alleged that he was not the father of a

female child, Kimberly Dawn, aged about two years, who was born during the marriage of appellant and appellee.

Appellee also filed a counter-claim in the nature of a cross-complaint, praying for an absolute divorce which, in essence, alleged that appellee and appellant were the parents of said Kimberly Dawn, and that appellant had been guilty of cruel and inhuman treatment of appellee.

Trial was had to the court and that part of the judgment pertinent to this appeal declared that appellee was to be awarded an absolute divorce from appellant, and on the issue of the paternity of the minor child, the court held that the parties herein were the parents of said child.

Appellant filed his Motion for New Trial, which motion was overruled, and on appeal urges as his assignment of error that the court erred in overruling said Motion for a New Trial and asserts the following two causes of said motion:

"1. The decision of the Court on the issue of the paternity of a child born to the defendant, referred to as Kimberly Dawn Whitman, is not sustained by sufficient evidence.

"2. The decision of the Court on the issue of the paternity of a child born to the defendant, referred to as Kimberly Dawn Whitman, is contrary to law."

It readily becomes apparent that the only issue presented to this Court on appeal is whether or not the decision of the trial court on the paternity of said child born to the appellee herein during the marriage of said parties is sustained by sufficient evidence and is contrary to law.

The relevant facts of this case are essentially the following:

Appellant and appellee were married on the 27th day of February, 1940, and separated on December 1st, 1963.

On January 26, 1946, the appellant submitted to a vasectomy at the Cameron Hospital, Angola, Indiana, and at the time of said operation he and appellee had three children. A vasectomy, if successfully completed, renders the male person

who has submitted to such operation completely sterile and incapable of reproduction.

Appellant and appellee, subsequent to the vasectomy, had normal marital sexual relations until the year 1963.

In April of 1962, the said female child here in question was born to appellee, which naturally would fix the time of conception in or about July of 1961.

At common law the presumption of the legitimacy of a child born to a married woman was almost conclusive, and proof as to illegitimacy was generally not admitted.

However, the modern law has relaxed the obvious severity of this presumption to a limited degree and such presumption now may be rebutted by "evidence which is direct, clear and convincing." *Pursley* v. *Hisch* (1949), 119 Ind. App. 232, 85 N. E. 2d 270.

To date, this Court has developed logical exceptions to the presumption of legitimacy. These exceptions are set forth in *Phillips* v. *State ex rel.* (1925), 82 Ind. App. 356, 145 N. E. 895, as follow:

". . . the presumption could be overcome by proof that the husband was *impotent;* or that he was entirely absent so as to have had *no access to the mother;* or was entirely absent at the time the child in the course of nature must have been begotten; or was present only under such circumstances as to afford clear and satisfactory proof that there was no sexual intercourse. . . ." (Emphasis supplied.)

Sterility refers to the inability to fertilize successfully the female reproductive cell, whereas impotence refers to the organic, mental or functional inability to perform an act of sexual intercourse. (See Black's Law Dictionary 4th Ed. pp. 889 and 1584.)

Appellant asserts, and the record reveals, that about two weeks prior to the trial involved herein a Dr. Kissinger made a sperm analysis test of appellant and stated, in effect, that

in his opinion said analysis showed Mr. Whitman to be presently sterile and that "he (appellant) almost certainly is not the father of such child." Dr. Kissinger also testified that the sperm analysis test would be *almost certainly* conclusive that he (appellant) was not fertile at the time this child was conceived, in or about July of 1961. When questioned as to the wording "almost certainly" Dr. Kissinger replied, "I mean that within a reasonable degree of medical certainty."

The testimony of Dr. Kissinger was supported by further testimony of a like nature from another medical expert, Dr. Herbert Carroll.

Therefore, it is appellant's position that the presumption of the legitimacy of the child born to his wife during their marriage can be, and has been, rebutted by the above "direct, clear and convincing" evidence on said issue. Appellant further asserts that said testimony by the medical experts rises far beyond this standard and excludes his responsibility for paternity beyond a reasonable doubt.

On appeal, this Court is subject to the strong presumption of the legitimacy of a child born during wedlock, and we are permitted only to consider that evidence most favorable to appellee, and if sufficient evidence is found in the record on which the trial court could have rendered its decision, this Court will not substitute its judgment.

Looking to the evidence most favorable to appellee we find the following:

Appellant testified that due to his belief that he was not the father of the child herein, he subjected himself to tests for sterility in a hospital in Oklahoma City, in June or July of 1962, after the said child was born. The results of that test were not introduced into evidence.

The appellant further testified that during a support hearing on January 4, 1964, he admitted that the appellee at that time, and all times prior thereto, had maintained that the child was fathered by the appellant. However, on the final

hearing for divorce, appellant admittedly changed his testimony by stating that prior to January 4, 1964, his wife (appellee) had admitted to him that she had been out with some girls and a drunken man took advantage of her, resulting in the pregnancy herein.

On cross-examination the appellant testified as follows:

"Question: You lied on January 4, 1964?
Answer: Yes, if that's what . . .
Question: Now were you telling the Court the truth on Direct Examination about this conversation that you just testified to? Or did you make this up after this last hearing on January 4, 1964?
Answer: No. I knowed that he asked me. I guess I'll have to say I lied then."

It must also be noted that neither Dr. Kissinger nor Dr. Carroll had performed the vasectomy and they were unable to testify that the operation had been successfully performed. Dr. Carroll testified that he knew the surgeon who performed the operation and that said surgeon was an excellent and capable surgeon, and that he "assumed" the operation was done properly. Dr. Carroll further testified that it would be impossible for him to state an opinion as to the length of time that the appellant could have been sterile. Thus, for both doctors to conclude as they did, it was necessary for them to assume that the operation was successful and that appellant had been completely sterile from the time of the operation to the time of the sperm analysis tests given herein. Such assumptions are not supported by the evidence.

The record is replete with other evidence, both contradicted and uncontradicted, from which the trial court could have found as it did. In any event, considering the evidence most favorable to appellee; the strong presumption of the legitimacy of a child born in wedlock; the fact that appellant admittedly was having normal marital sexual relations with the appellee at the time of conception; and the failure of

proof to show that anyone else had such access; and the lack of the evidence to directly, clearly, and convincingly establish the sterility of appellant at the time of conception, we conclude that the decision of the trial court is sustained by sufficient evidence and is not contrary to law. See *Duke* v. *Duke* (1962), 134 Ind. App. 172, 185 N. E. 2d 478.

We must conclude that we are apprehensive as to whether a just result is obtained in this litigation. This Court at this time is willing to recognize that sterility, as well as impotency, may be logical exceptions to the presumption of the legitimacy of a child born during marriage. However, based upon the record in this case, we are unable to say that appellant was in either category at the time of conception, and thus overrule the trial court.

The decision of the trial court is affirmed.

Smith, P. J., Bierly and Hunter, JJ., concur.

NOTE.—Reported in 215 N. E. 2d 689.