DENNIS D. BUCHANAN *v.* KATHLEEN BUCHANAN.

[No. 370S55. Filed March 9, 1971. Rehearing denied April 21, 1971.]

120

*John R. Dollens,* of Scottsburg, for appellant.

*James D. Allen, William L. Thompson,* of Salem, for appellee.

DEBRULER, J.—This is an appeal from judgment of the Scott Circuit Court arising out of a divorce proceeding. The trial court awarded the decree of divorce to the plaintiff-appellant-husband and awarded custody of two minor children, a nine year old boy and a seven year old girl, to the defendant-appellee-wife, and further ordered the appellant to pay support and maintenance of the children at the rate of ten dollars per week per child.

Appellant filed a motion for new trial alleging that the trial court decision was not sustained by sufficient evidence and was contrary to law in that (1) the court erred in ordering ten dollars per week support payments for the eldest child, a nine year old boy, when in fact the appellee admitted that the appellant had not fathered the boy and that no evidence was offered to show that he had fathered the boy; and (2) the court erred in granting custody of the youngest child to appellee, a seven year old girl alleging that appellee had admitted in reply to the appellant's pleadings that she was not fit to have custody of the child and the evidence conclusively showed that appellee was living in an adulterous relationship from the time of separation to date of trial. This motion for new trial was overruled which brings about this appeal.

We turn our attention to the first allegation of error. The appellant contends that the trial court's finding that the eldest

child was born of this marriage and in consequently ordering the appellant to pay ten dollars a week support payments for the child was erroneous. In support of this contention appellant cites the appellee's admission in her answer to the appellant's complaint wherein she admitted that one child was born of this marriage, namely, the seven year old girl. Appellant further points to the appellee's own testimony wherein she declared in open court that the appellant had not fathered the boy in question. Appellant urges that this is conclusive proof that he was not the father of the boy and, therefore, the trial court erred in granting support payments for the child.

We cannot agree. On appeal, this Court is subject to the strong presumption of legitimacy and, the trial court having ruled in favor of the legitimacy of the child, we are confined to a review of the evidence most favorable to the ruling of the trial court. If sufficient evidence is in the record to support the decision of the trial court we must affirm the judgment.

The salient facts supporting the trial court's determination that appellant was the father are that the appellant and appellee were married on April 5, 1958. The child in question was born on November 1, 1958, some seven months later. Appellant testified that the appellee was with child at the time of marriage but denies that he was the father. Appellant further testified, however, that he did have access to and sexual intercourse with the appellee for approximately one year leading up to the date of marriage, which would include the time period of conception, allowing for natural gestation. Appellant does not contend that there was any fraud or deception practiced on him and admits he knew the appellee was pregnant at the time of the marriage. The child, born seven months after the date of marriage, of course, assumed the name of the appellant. For a period of ten years prior to this divorce action, the appellant, appellee and the boy lived together as husband and wife, father and son. No evidence

was submitted that the appellant disclaimed being the father prior to this litigation.

The law indulges every presumption and charity in favor of the legitimacy of children and evidence repelling such a presumption must be conclusive. So it is in Indiana, that a child born to a married woman is presumed legitimate and that presumption can be overcome or rebutted only by irrefutable proof. *Hooley* v. *Hooley* (1967), 141 Ind. App. 101, 226 N. E. 2d 344. In *Whitman* v. *Whitman* (1966), 140 Ind. App. 289, 215 N. E. 2d 689, the Appellate Court, citing *Phillips* v. *State ex rel. Hathcock* (1925)., 82 Ind. App. 356, 145 N. E. 895, said:

". . . the presumption could be overcome by proof that the husband was impotent; or that he was entirely absent so as to have had no access to the mother; or was entirely absent at the time the child in the course of nature must have been begotton; or was present only under such circumstances as to afford clear and satisfactory proof that there was no sexual intercourse." 82 Ind. App. at 360.

Sterility of the father, if conclusively proven, might also rebut the presumption of legitimacy. *Whitman* v. *Whitman, supra.* The appellant cannot and does not rely on any of these logical exceptions to the presumption of legitimacy. Rather he relies on the statements and admissions of the mother as conclusive proof of the illegitimacy of the child.

These statements and admissions standing alone cannot be sufficient to overcome the strong presumption of legitimacy which the law imposes. *Whitman* v. *Whitman, supra.*

It is to be noted that the child has an interest here, and, although it was not a party to this action nor was it represented by counsel before the trial court, that court cannot, as an organ of the State, stand idly by and allow the parties before it to destroy that interest without clear and convincing proof. Therefore, the mere statements, admissions, allegations or agreements made by the parties to this divorce proceeding standing alone are not sufficient to rebut the strong presumption of legitimacy which runs in favor of this child.

Where a child is born in wedlock, a trial court cannot rule against legitimacy, except on facts which prove conclusively that the husband could not have been the father. The burden of proof, therefore, was on the appellant to prove that he could not have been the father of this child. *Duke* v. *Duke* (1962), 134 Ind. App. 172, 185 N. E. 2d 478. Clearly, the appellant attempts to sustain that burden by merely relying upon the statements and admissions of the appellee, which we have held to be insufficient for that purpose.

To recapitulate, the child was born some seven months after the marriage of the appellant and appellee. The evidence shows that the appellant had access to and intercourse with the appellee during a time period when conception would have naturally occurred. The child took the name of the appellant and lived with him as father and son for a period of ten years. The strong presumption of legitimacy is not overborn by the statements of the appellee to the contrary.

We hold that there was sufficient evidence to support the judgment of the trial court and that the court did not err in declaring the child to be born of this marriage and ordering the support payment for the child.

We next consider the second allegation of error. Appellant contends that the trial court erred in granting custody of the second child, a seven year old girl born of this marriage, to the appellee.

Appellant points to allegation number four of his amended complaint wherein he alleged:

> "There is one child born of this marriage, namely ——— Buchanan, age 7, that the defendant is not fit to have the care, custody or control of said child."

Appellee's response admitted "the allegations contained in Rhetorical Paragraph Number Four of plaintiff's complaint."

Uncontroverted evidence was also introduced that the appellee was living in an adulterous state almost continually from the date of separation to the date of trial. The appellee admitted in her testimony in open court that she and the children

had been living with a Mr. X whom she planned to marry as soon as the divorce was final.

This Court has repeatedly stated that in a divorce action the custody and care of the children must be awarded with regard to the best interest of the children since the welfare of the children is paramount to claims or desires of the parents. *Wible* v. *Wible* (1964), 245 Ind. 235, 196 N. E. 2d 571; *Watkins* v. *Watkins* (1943), 221 Ind. 293, 47 N. E. 2d 606.

It is within the discretion of the trial court to award custody of the children consistent with their best interests and welfare. Upon review, this Court will not reverse the trial court's decision in awarding custody of the children unless a manifest abuse of discretion is shown. *Watkins* v. *Watkins, supra; Lucas* v. *Lucas* (1949), 119 Ind. App. 360, 86 N. E. 2d 300. No such abuse is shown in the case at bar.

In the *Watkins* case we held that the guilt or innocence of either parent is not a controlling factor in determination of the child's custody and that the trial court may, in its sound discretion, award custody to the party against whom the divorce was decreed. Guilt of adultery does not automatically disqualify the guilty party from having custody of the children. In *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N. E. 2d 540, we said:

"Notwithstanding that appellant may have been guilty of adultery, yet the court, in its discretion, may have thought that under all the circumstances and conditions, the mother was a fit and proper person to have the custody of the child. A mother, as well as a father, may sometime sin; she may break the Sixth Commandment, but this fact alone, as a matter of law, does not necessarily make her an unfit and improper person to have the custody of her child. There are many things for a court to take into consideration when awarding the custody of a child to either mother or father. . . ." 210 Ind. at 598.

See also *Lucas* v. *Lucas, supra.*

It is not necessary to recite all the evidence adduced at trial in the cause. Such "evidence" consists mainly of accusatory

statements by both parties to this action. The trial judge had both parties before him. He heard their testimony and observed their demeanor during both direct and cross examination. He heard the testimony of other witnesses including the parents of the appellant and a neighbor of the appellee who sometimes cared for the children. At the conclusion of the evidence the trial court found that the children should be in the custodial care of their mother. Suffice it to say that adequate evidence is in the record to support the finding of the trial court and this Court, on appeal, will not re-weigh the evidence nor substitute our judgment for that of the trial court.

The trial court is not bound by the admission of the appellee in making its determination as to the proper party to have care and custody of the children. In *Carson v. Carson* (1950), 120 Ind. App. 1, 89 N. E. 2d 555, the Appellate Court said:

> "An agreement of the parties as to the custody of their children made previous to a decree for divorce will not necessarily control the decision of the court. . . . Where such an agreement is conducive to the general welfare of the children, it may be incorporated into the decree and enforced, but the court's power subsequently to modify the decree as to custody of the children is not thereby abridged. . . ." 120 Ind. App. at 8-9.

While the trial court was not faced with an agreement as to custody but rather on admission of unfitness, the same principles apply here. In short, the welfare of the child being paramount to all other considerations and the trial court being vested with the responsibility and the discretion to determine where the best interest and welfare of the child lie, that court cannot be strictly bound by the agreements, stipulations or admissions of the parties.

Nor are we persuaded by appellant's argument that the appellee's admission to paragraph four of his complaint constituted such a variance between the pleading and the proof so that he was grossly misled and, ergo, did not receive a fair trial.

Where the proof does not conform to the pleading and such variance is material, the pleadings could have been amended as provided in Acts 1881 (Spec. Sess.), ch. 38, § 130, being Burns § 2-1063.

"No variance . . . is to be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled, and, thereupon, the court may order the pleading to be amended on such terms as may be just."

See now TR. 61 of the Indiana Rules of Procedure.

Although the pleadings in the case at bar were not amended they may be deemed so by this Court as provided by AP. 15(D) of the Indiana Rules of Procedure, which reads in part:

"No judgment shall be . . . reversed . . . by the court on appeal for any . . . variance . . . contained in the . . . pleadings . . . which by law might be amended by the court below, but such defects shall be deemed to be amended in the court on appeal. . . ."

The issue here is whether the appellant was so misled by the appellee's answer to his amended complaint that he was prejudiced in maintaining his action on the merits. We do not believe that he was so misled.

On the same day that appellee filed her answer to the amended complaint she also filed a cross complaint for divorce praying the court to award her custody of the children. This cross complaint put the appellant on notice that the appellee wanted custody of the children and would in all likelihood introduce evidence tending to show the court that she was, in fact, as fit and proper a person to have custody notwithstanding her admission to the contrary in her answer to the amended complaint. We cannot see how the appellant, having such notice, could have been prejudicially misled.

The judgment of the trial court is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 155.