H. W. K., Appellant (Defendant Below),

v.

M. A. G., Appellee (Plaintiff Below).

No. 2–481A123.

Court of Appeals of Indiana,
Second District.

Sept. 30, 1981.

---

Mary Ann Wunder, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

H.W.K. (father) appeals a decision in a paternity action declaring him the father of a child born to M.A.G. (mother). Father presents the following issues:

1) whether there was sufficient evidence to sustain the judgment of the trial court;

2) whether the action was barred by the statute of limitations;

3) whether he was denied a fair trial.

We affirm.

M.A.G. is the mother of a child conceived December 1973 and born September 2, 1974. At the time of conception M.A.G. was living with H.W.K., although the court found she was still married to her estranged husband. A paternity action was brought by the mother January 30, 1980. In a trial before the court H.W.K. was declared father of the child and ordered to pay support and $726 for prenatal and postnatal expenses incurred by mother.

Father's argument that the evidence is insufficient to sustain the trial court's judgment is twofold. He first contends the evidence was insufficient to rebut the presumption of legitimacy. He argues the record is devoid of clear and convincing evidence mother's estranged husband was absent or did not have access to the mother at the time of conception.

A child conceived during marriage is presumed legitimate. *L.F.R. v. R.A.R.,* (1978) 269 Ind. 97, 378 N.E.2d 855. The presumption is one of the strongest known to the law and may only be rebutted by direct, clear, and convincing evidence. *R.D.S. v. S.L.S.,* (1980) Ind.App., 402 N.E.2d 30. Nevertheless, the courts have developed several logical exceptions which are sufficient to meet this high standard and

overcome the presumption of legitimacy. In *Phillips v. State ex rel. Hathcock*, (1925) 82 Ind.App. 356, 360, 145 N.E. 895, it was stated:

"[T]he presumption could be overcome by proof that the husband was impotent; or that he was entirely absent so as to have had no access to the mother; or was entirely absent at the time the child in the course of nature must have been begotten; or was present only under such circumstances as to afford clear and satisfactory proof that there was no sexual intercourse."

Sterility has been added to the exceptions. *Whitman v. Whitman*, (1966) 140 Ind.App. 289, 215 N.E.2d 689.

In determining whether the trial court could find the presumption was overcome by direct, clear, and convincing evidence, this court will not reweigh the evidence. We consider the evidence most favorable to the prevailing party together with all reasonable inferences to be drawn therefrom. If we then find evidence of probative value to sustain the judgment, we will not disturb it. *Glass v. Leland Smith Insurance Agency, Inc.*, (1981) Ind.App., 414 N.E.2d 977.

The record discloses the child was born September 2, 1974 and conceived in December 1973. At this time mother was dating and engaging in sexual intercourse with father on an exclusive basis and, in fact, the two had lived together since mid-1973. Mother had ceased sexual relations with her estranged husband in 1970.

However, because the evidence in this case essentially came from the mother and father, we must examine a line of cases which recite the proposition that statements and admissions made by the parties standing alone are insufficient to rebut the presumption of legitimacy. *L.F.R. v. R.A.R.*, (1978) 269 Ind. 97, 378 N.E.2d 855; *Buchanan v. Buchanan*, (1971) 256 Ind. 119, 267 N.E.2d 155.

In *L.F.R.* the parties were married at conception but divorced thereafter. However, unlike the present case where mother testified she exclusively dated and engaged in sexual intercourse with father during the crucial period, the mother in *L.F.R.* testified she had intercourse with the husband around the time the child was conceived. Husband denied intercourse but admitted access. In addition, there was testimony by witnesses who stated the parties had slept together while on a trip around the critical period when conception occurred. Accordingly, the presumption of legitimacy was preserved.

In *Buchanan*, a divorce proceeding, wife contended husband was not the father of a child born seven months after their marriage. Husband also denied he was the father, but further testified he had access to and sexual intercourse with wife for approximately one year prior to the marriage which included the time period of conception.

In both *L.F.R.* and *Buchanan* the parties did not dispute husband's access to wife during the time of conception. In *Buchanan*, husband denied he was the father, claiming sterility without scientific evidence. In *L.F.R.*, husband denied sexual intercourse in the face of conflicting evidence on the question. Thus, while both *Buchanan* and *L.F.R.* recite the principle that statements and admissions of the parties are insufficient to rebut the presumption of legitimacy, we find the principle is factually limited to situations where there is evidence the husband had access to the mother during the period of conception. In the present case, however, mother's uncontroverted testimony indicated husband was entirely absent or present only under circumstances affording proof there were no sexual relations. In a case such as this, the statements of the parties are sufficient to rebut the presumption of legitimacy.

The remaining case cited by father is distinguishable from the case at bar. In *Miller v. Robertson*, (1970) 147 Ind.App. 68, 258 N.E.2d 420, the mother testified that from November 20, 1964 until the date of divorce she exclusively dated the alleged father. The court concluded, however, by the laws of nature it was quite possible conception occurred prior to November 20.

It thus held the mother failed to sustain her burden of establishing by direct, clear, and convincing evidence that her estranged husband had no access to her at the time conception likely occurred.

Thus, the evidence shows M.A.G.'s estranged husband did not have meaningful access to her at the critical time. Such evidence was direct and clear, and qualitatively sufficient to rebut the presumption of legitimacy which inures to a child conceived during marriage.

 Father next contends the evidence as a whole is insufficient to sustain the judgment of the trial court that he was the father of the child. Paternity actions are civil proceedings and the alleged father must be proved to be such by a preponderance of the evidence. *Beaman v. Hedrick*, (1970) 146 Ind.App. 404, 225 N.E.2d 828. In the present case there was probative testimony that at the time of conception mother was exclusively dating and engaging in sexual intercourse with father. The testimony of the mother regarding an act of sexual intercourse with the putative father, coupled with the probability of conception at such time, is sufficient to support the trial court's determination that he is the father of the child. *D.M. v. C.H.*, (1978) Ind.App., 380 N.E.2d 1269. In addition, mother testified H.W.K. admitted he was the father of the child on several occasions. Accordingly, we find the evidence sufficiently supported the determination of paternity.

 Father also asserts there was insufficient evidence to sustain the trial court's judgment of $726 for prenatal and postnatal expenses. This alleged error was not sufficiently specified in father's motion to correct error and is waived. Ind. Rules of Trial Procedure, Trial Rule 59(A)(4) and (D)(2).

Father next contends the action for determination of paternity was not brought within the time prescribed by the statute of limitations. As a general rule, a paternity action must be commenced within two years after the birth of the child. I.C. 31–6–6.1–6(a) (Burns Code Ed., Repl.1980).

There are, however, exceptions to this rule. At the time of the petition I.C. 31–6–6.1–6(a)(2) provided:

"(a) The mother or a man alleging to be the child's father must file an action within two (2) years after the child is born, unless:

. . . .

"(2) the alleged father has *substantially fulfilled his obligation as a parent* during the period between the child's conception and the date of filing:

. . . .

"A person other than the child must file a petition within two (2) years after any of the above conditions ceases to exist, except that he may not file a petition after the child reaches eighteen (18) years of age." (Emphasis supplied.)

Subsequent to the filing of the petition, our legislature amended I.C. 31–6–6.1–6(a)(2) to provide an action will not be barred where a petition has been filed within two years after:

"*support has been furnished by the alleged father* or by a person acting on his behalf, either voluntarily, or under an agreement . . ." (Emphasis supplied.)

 In the instant case the paternity action was brought after the child's second birthday. Mother in her petition averred father had "voluntarily contributed to the support" of the child within the past two years. As a general rule, the party pleading the statute of limitations has the burden of proving the action was initiated beyond the statutory time permitted after the cause of action accrued. *D.E.F. v. E.M.*, (1977) 173 Ind.App. 274, 363 N.E.2d 1030. However, a party relying on facts in avoidance of the statute of limitations assumes the burden of proving such facts. *Sullivan v. O'Sullivan*, (1959) 130 Ind.App. 142, 162 N.E.2d 315. Father asserts the phrase "substantially fulfilled his parental obligation" contemplates a greater quantum of evidence than does the term "support" and therefore mother failed to sustain her burden.

■ We concur with father that as a general principle the statute of limitations in force at the time the petition is filed will govern. *Walsh v. Halteman*, (1980) Ind. App., 403 N.E.2d 894. We do not, however, agree the utilization of the phrase "substantially fulfilled his obligation as a parent" indicated an intent on the part of the legislature to require anything other than "support."

Prior to the adoption of the current paternity statute in 1979, I.C. 31-4-1-26 (Burns Code Ed.) (now repealed) provided in part:

> "Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two [2] years from the birth of the child, unless paternity has been established by a judgment of a court of competent jurisdiction, or has been acknowledged by the father in·writing or *unless support has been furnished by the alleged father*, or by some person on his behalf, either voluntarily or pursuant to an agreement with the mother or some person on her behalf or on behalf of the child. If the paternity has been so established, or if support has been so furnished, the action may be brought at any time within two [2] years after the acknowledgement or the last furnishing of support to the child." (Emphasis supplied.)

In 1979, as a part of the recodification of the Juvenile Code, Indiana adopted a paternity statute which took effect October 1, 1979. Acts 1979, P.L. No. 277 § 1. As originally enacted the statute used the expression, "substantially fulfilled his obligation as a parent." In February 1980, less than five months after the effective date of the statute, the legislature amended I.C. 31-6-6.1-6(a) by deleting that phrase and inserting the phrase "support has been furnished" which had appeared in the pre-code statute.

This case was commenced during the five month period the statute of limitations contained the phrase "substantially fulfilled his obligation as a parent." Since this provision was a part of our law for such a short duration, it is not surprising we are unable to find any cases interpreting its meaning.

■ Judicial interpretation of statutory language is warranted where the meaning of a phrase is unclear or ambiguous. *Merimee v. Brumfield*, (1979) Ind. App., 397 N.E.2d 315. In searching for legislative intent, we look to the whole of the act, to the law existing before, to the changes made and the apparent motive for making them. *Bowman v. State*, (1979) Ind.App., 398 N.E.2d 1306. As a general rule, a statutory amendment changing the wording of a statute establishes a presumption that the legislature desired to change the law unless it plainly appears the amendment was made only to express the original intention of the legislature. *Bowman*, 398 N.E.2d at 1308.

■ Based upon fundamental principles of statutory interpretation, a change in a statute appears to give rise to a presumption that the legislature intended to change the meaning of the statute. However, we find the swiftness with which the legislature reinstated the phrase "support has been furnished" sufficiently rebuts the presumption. Where a statute is amended less than five months after its effective date and a term from a previous statute covering the same subject is inserted in place of an ambiguous term, the logical conclusion is the amendment was made to express the original intention of the legislature. We conclude the factual standard employed in determining whether an alleged father has "substantially fulfilled his obligation as a parent" is the same as that used in deciding whether he has furnished support for purposes of the statute of limitations contained in the paternity statute.[1] The substitution

---

1. Even if we assume the legislature did intend to modify the meaning of the statute when it employed the term "substantially fulfilled his obligation as a parent," we are still convinced mother is *not* required to meet a higher standard to avoid the statute of limitations. As noted, it is a general principle that the statute of limitations in force at the time the action is initiated will govern, even though it shortens or lengthens the period of limitations. *Walsh v.*

of the phrase "substantially fulfilled his obligation as a parent" for the term "support has been furnished" in the statute of limitations did not impose a heavier burden on mother in the instant case. It is still necessary, however, to ascertain whether there was sufficient evidence from which the trial court could find she discharged her burden of proof that father had furnished support within two years prior to the date the action was initiated.

According to mother, he furnished the child clothes "whenever she needed them." There was testimony that father on at least one occasion within two years of the filing of the action had provided $40 for the child's support and benefit and purchased the child clothing and boots.

■ Father acknowledges he bought the child "stuff." He contends, however, the evidence was not sufficient to conclude mother discharged her burden of proof that support had been furnished within two years of the date when the petition was filed. We disagree with this contention. There is substantial evidence of probative value from which one could find support had been provided within the requisite period. The evidence presented at trial could reasonably have led the court to conclude mother sustained her burden of proof.

■ Finally, father asserts since the action was not brought before the child's fifth birthday it is barred by I.C. 12–1–6.1–15.5 (Burns Code Ed., Supp.1978) (now repealed) which states:

"Notwithstanding IC 31–4–1 [31–4–1–1 —31–4–1–33], if the child has received public assistance or is currently receiving public assistance, *an action to compel support may be brought by the state department of public welfare or a county department of welfare.* If:

(1) The mother; . . . has executed an assignment of support rights under Title IV D of the federal Social Security Act (42 U.S.C. 651 et seq.), the action shall be brought in accordance with the terms of the cooperative agreement entered into between the state department of public welfare and the prosecuting attorney. *Any action brought under this section may only be brought before the child's fifth birthday.* The father shall not be held liable for support payments that accrued more than two [2] years before the action is commenced." (Emphasis supplied.)

We question the merit of father's position since the action was not brought by the department of public welfare but was initiated by mother. However, the specific issue was not raised by father in the trial court and is thus waived. *Ziegler Building Materials, Inc. v. Parkison*, (1980) Ind.App., 398 N.E.2d 1330.

■ Father next contends he was denied a fair trial. Within this issue he makes several arguments. First, it is alleged he was denied a fair trial because the

*Halteman*, (1980) Ind.App., 403 N.E.2d 894. This is based upon the concept a statute of limitations is ordinarily not substantive, but procedural, since it only affects the available remedy and not the underlying right. *McClain v. Chavez*, (1978) Ind.App., 383 N.E.2d 414. Our courts have held, however, that although the legislature may shorten the period of limitations, it must afford potential plaintiffs affected by the statutory change a reasonable opportunity to file suit after the effective date of the amendment. *Wilmont v. City of South Bend*, (1943) 221 Ind. 538, 48 N.E.2d 649; *McLain*, 383 N.E.2d at 415.

In the present case the legislature did not shorten the limitations period, yet it significantly altered a substantial provision of the statute of limitations. We thus believe fairness requires potential plaintiffs affected by such change be afforded a reasonable opportunity to initiate actions under the prior rule. It is not necessary for us to define with any specificity what constitutes a reasonable opportunity in all instances. At the time mother filed her petition the phrase "substantially fulfilled his obligation as a parent" had been a part of our law for less than four months. Because the paternity statute long contained the language "support has been furnished," we find she should be permitted to bring the action under the standard provided in the prior statute of limitations. I.C. 31–4–1–26 (Burns Code Ed.) (now repealed). To hold otherwise would result in a severe diminution of mother's rights merely because the action was fortuitously brought within the short period that our paternity statute contained the unfamiliar and ambiguous phrase.

court failed to advise him of his right to subpoena witnesses and to a trial by jury. Proceedings to determine paternity are civil in nature and subject to the Ind. Rules of Procedure. I.C. 31–6–6.1–19 (Burns Code Ed., 1980 Repl.), *O.Q. v. L.R.*, (1975) 164 Ind.App. 227, 328 N.E.2d 233. Each party is entitled to have the issue of paternity tried before a jury. I.C. 31–6–6.1–7 (Burns Code Ed., 1980 Repl.) We are aware, however, of no rule which imposes a duty on a trial court in a civil proceeding to advise the respective parties of the right to jury trial. Ind. Rules of Trial Procedure, Trial Rule 38, specifically states that the failure of a party to timely demand a trial by jury results in waiver of such right. Father failed to make such demand and thus waived his right to a jury trial. Similarly, we believe the trial court in a civil matter is under no duty to inform the parties of the right to subpoena witnesses.

█ Second, father argues he was prejudiced by the presence of the child in the courtroom. Our courts have held that where paternity is in question the child is an interested party and need not be excluded from the courtroom. *Nott v. Bender*, (1964) 246 Ind. 186, 202 N.E.2d 745, *reh. den.* (1965) 204 N.E.2d 219. In the present case father failed to establish the presence of the child inhibited him from defending against the allegation of paternity. We thus find the trial court did not abuse its discretion in allowing the child to remain in the courtroom.

█ Finally, father asserts he was denied a fair trial because the court failed to assist him in cross-examining witnesses and in presenting his defense. We find this contention to be wholly without merit. Father was twice granted continuances in order to obtain legal counsel. He consciously chose to proceed *pro se*. Thus, he may not be heard to complain that his rights were prejudiced by a lack of legal assistance. Furthermore, we note a trial court does not sit in a partisan capacity and generally will

not perform functions traditionally reserved for the parties' counsel.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.