In re The Marriage of Charles COOPER, Appellant–Respondent Below,

v.

Michelle L. COOPER, Appellee– Petitioner Below.

No. 02A03–9209–CV–271.

Court of Appeals of Indiana, Third District.

Feb. 17, 1993.

Edward N. Smith, Fort Wayne, for appellant.

Suzanne M. Hampton, Fort Wayne, for appellee.

STATON, Judge.

In the course of the dissolution of the Coopers' marriage, Charles Cooper contested the paternity of the child born during the Coopers' marriage. Charles appeals the denial of his motion for blood group testing to establish non-paternity. Charles raises two issues for our review which we consolidate and restate as follows:

    I.  Whether the trial court properly denied the father's motion for blood group testing during a divorce proceeding when the child's paternity was disputed by the parties.

We reverse and remand for the relief requested.

On July 7, 1984, Charles Cooper married Michelle Davidson, and on August 28, 1984, Michelle gave birth to a child. Initially, Michelle told Charles that she was a virgin when she met him, but several times after the wedding, Michelle told Charles he was not the child's father. On April 9, 1991, Michelle filed a petition for dissolution of marriage alleging one child had been born during the marriage. On May 2, 1991, Charles filed a cross petition for dissolution alleging no children were born as a result of the marriage.

Charles made a motion for court ordered blood group testing, but on September 10, 1991, after a hearing, the motion was denied.[1] On October 24, 1991, the trial court ordered Charles to pay child support for the alleged child of the marriage. The final dissolution decree contained an order for child support.

■ A child born during a marriage is presumed legitimate. West's A.I.C. 31–6–6.1–9(a)(1) (Supp.1992), and *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597, 600. In a divorce proceeding, silence and this presumption will establish paternity. The presumption may be rebutted by direct, clear, and convincing evidence that the husband:

(1) is impotent; (2) was absent so as to have no access to the mother; (3) was absent during the entire time the child must have been conceived; (4) was present with the mother only in circumstances which clearly prove there was no sexual intercourse; (5) was sterile during the time the child must have been conceived; [or] (6) is excluded as the child's father based upon blood grouping test results.

*Murdock v. Murdock* (1985), Ind.App., 480 N.E.2d 243, 245, n. 6, *reh. denied* (additional citation omitted). Because Charles had premarital sexual relations with Michelle and she refuses to voluntarily agree to the blood group testing, Charles' only means to prove his non-paternity is through court ordered blood group testing.

Michelle's petition for dissolution asserted a paternity claim against Charles. To prevent paternity from being established by silence, Charles correctly denied paternity in his cross-petition. Charles has two mechanisms to obtain blood group test results: West's A.I.C. 31–6–6.1–8 (Supp.1992) and Ind. Trial Rule 35(A).

■ Prior to addressing the blood group testing under IC 31–6–6.1–8, the issue of whether the Coopers have standing and the statute of limitations under Indiana's paternity statute must be addressed. Because "[a] paternity action may be filed by ... the mother" of the child, Michelle has standing to assert the paternity action. West's A.I.C. 31–6–6.1–2(a) (Supp.1992). I.C. 31–6–6.1–2(c) also provides that "[i]n every [paternity] case, the child, the child's mother, and any person alleged to be the father are necessary parties to the action." The child and Charles are necessary parties to Michelle's paternity action.[2] The Coopers had standing to litigate paternity in their divorce proceeding.

---

1.  Charles attempted an interlocutory appeal of this denial. The interlocutory appeal was not accepted by this Court.

2.  While a guardian *ad litem* was appointed for the child during the pendency of the interlocutory appeal, no guardian *ad litem* was appointed

during the remainder of this proceeding. *See, In re the Paternity of S.R.I.* (1992), Ind., 602 N.E.2d 1014, 1017 (appointment of a guardian *ad litem* fulfills the court's duty to protect the rights of infants in controversies before the court).

■ The time for commencing a paternity action is limited to two years after the child is born unless "support has been furnished by the alleged father ... either voluntarily or under an agreement with [ ] the mother." West's A.I.C. 31–6–6.1–6 (Supp. 1992). Because the alleged father, Charles, has been voluntarily supporting the child since her birth and under a court order since October 24, 1991, the Coopers come within that exception to the two years after birth limitation. *See, Farmer v. Minor* (1986), Ind.App., 495 N.E.2d 553, *trans. denied.*

■ Because the Coopers are proper parties and the paternity claim was timely asserted, IC 31–6–6.1–8(a) requires "[u]pon the motion of any party, the court *shall* order all of the parties to the action to undergo blood testing...." (Emphasis added). The use of the word "shall" indicates that the trial court has no discretion in deciding to order the tests. *Murdock, supra,* at 244. In the present case, the trial court should have granted Charles' motion for blood group testing.

■ The second mechanism available to Charles to obtain blood group testing is T.R. 35(A) which provides in relevant part:

> "**Order for Examination.** When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown...."

The trial court has broad discretion in ruling upon discovery matters and this Court will interfere with those rulings only upon a showing of an abuse of discretion. *Beird v. Figg & Muller Engineers, Inc.* (1987),

Ind.App., 516 N.E.2d 1114, *reh. denied.* An abuse of discretion will not be found unless the decision is clearly against the logic and effect of the facts and circumstances before the court. *K.B. v. S.B.* (1981), Ind.App., 415 N.E.2d 749, 755.

The discovery requested was relevant to the paternity issue raised in the divorce action and was related to Charles' defense of the paternity claim. *See* T.R. 26(B)(1). Here, the trial court's denial of this discovery is clearly against the logic and effect of the facts and circumstances before the court. Charles complied with the "in controversy" and "good cause" requirements of T.R. 35(A). The nature of the paternity issue, as well as the complaint and cross complaint, clearly shows the existence of a controversy concerning the child's paternity.

Charles showed good cause for the blood group testing based on Michelle's statements that Charles was not the child's father. Under the facts presented, court ordered testing provides Charles' sole defense to the paternity action. The trial court erroneously converted the "good cause" of T.R. 35(A) into a clear and convincing evidence requirement. Charles need only show good cause for the trial court to order an examination under T.R. 35(A). Clear and convincing evidence is required to rebut the presumption of legitimacy.[3] The trial court in requiring clear and convincing evidence modified the plain language of the T.R. 35(A), and in doing so, the trial court manifestly abused its discretion.

Recent public policy considerations espoused by our supreme court in other paternity actions enhance Charles' showing of "good cause" for the blood group testing. *Fairrow, supra,* at 600, declared the public policy disfavoring a support order against a man who is not the child's father. *In re the Paternity of S.R.I.* (1992), Ind., 602

---

**3.** In *Buchanan v. Buchanan* (1971), 256 Ind. 119, 267 N.E.2d 155, 157, *reh. denied,* wife's admissions alone were insufficient to overcome presumption of legitimacy when husband had access to and intercourse with the wife when conception would have naturally occurred.

However, *Buchanan* is factually different because the husband did not attempt to obtain court ordered blood group testing based on the wife's statements. Accordingly, the case failed to address good cause for a blood test under T.R. 35(A).

N.E.2d 1014, 1016,[4] expressed the preference for proper identification of parent and child over the stability and finality of legally-established relationships. These considerations logically extend to ferreting out the true identity of the parents in all paternity cases. Therefore, when the paternity issue is first raised in a divorce proceeding, the party contesting the paternity should be entitled to a blood test upon a showing of good cause under T.R. 35(A).

We reverse and remand for the relief requested.

HOFFMAN, J., concurs in result and files separate opinion.

GARRARD, J., concurs.

HOFFMAN, Judge, concurring in result.

I concur in the result. However, I do not agree that Charles, or any party to a dissolution, must meet a statute of limitations requirement to invoke Ind. Trial Rule 35(A) for blood group testing to assist in establishing paternity. Further, I do not agree that a party's request for such testing is a matter of discretion for the trial court based upon a showing of good cause. T.R. 35(A), read in conjunction with *In re the Paternity of S.R.I.* (1992), Ind., 602 N.E.2d 1014, establishes clear public policy in favor of such testing when the question of paternity arises. The court in *S.R.I.* stated:

"We agree with the Court of Appeals majority that stability and finality are significant objectives to be served when deciding the status of children of divorce. On the other hand, there is a substantial public policy in correctly identifying parents and their offspring. Proper identification of parents and child should prove to be in the best interests of the child for medical or psychological reasons. It also plays a role in the just determination of child support; we have already declared that public policy disfavors a support order against a man who is not the child's father. *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597."

*Id.* at 1016.

Accordingly, when the issue of paternity is first raised in a dissolution proceeding, where silence will presumptively establish paternity, the party contesting paternity should be entitled to blood group testing. Consideration for the child and family relationships requires that such matters be decided with finality at the earliest possible opportunity.

---

**4.** A child born during the marriage was declared a child of the marriage of H.I. and V.W.I. at the time of the dissolution decree. Four years after the dissolution, the biological father, W.R., who had voluntarily provided support to the child, petitioned the court to establish paternity based on a blood test. *S.R.I., supra.*