Annette V. VANDERBILT,
Appellant–Petitioner,

v.

Gordon J. VANDERBILT,
Appellee–Respondent.

No. 84A05–9612–CV–502.

Court of Appeals of Indiana.

May 2, 1997.

Dennis H. Stark, Fleschner, Fleschner, Stark, Tanoos & Newlin, Terre Haute, for Appellant–Petitioner.

Joseph K. Etling, Smock & Etling, Terre Haute, for Appellee–Respondent.

## OPINION

BARTEAU, Judge.

During dissolution proceedings, Annette Vanderbilt motioned the trial court for blood group testing in order to establish that her husband, Gordon Vanderbilt, is not the father of the child born during the parties' marriage. The trial court denied Annette's motion and Annette appeals.

We affirm.

### FACTS

Annette and Gordon were married on February 3, 1987. Annette was pregnant when the couple was married and gave birth to a daughter, H.V., four months later. Annette and Gordon had dated the seven years preceding their marriage and engaged in sexual intercourse at the time of H.V.'s conception. Eight days after H.V.'s birth, a third party filed a petition to establish H.V.'s paternity. Blood testing showed a 98.46% probability that the third party was H.V.'s biological father. The third party subsequently dismissed the paternity action. Despite the results of the blood tests, Annette assured Gordon that he was H.V.'s father. Gordon gave H.V. his name and raised H.V. as his own daughter.

Annette filed a petition for dissolution of marriage on January 27, 1994, alleging that no children were born to the parties' marriage. Gordon responded with a joinder in the dissolution of marriage alleging that one child, H.V., was born of the marriage and requesting custody of H.V. Annette peti-

tioned the court for temporary custody and blood group testing. The trial court denied Annette's petition for blood group testing. On August 8, 1996, the trial court issued its final decree awarding Gordon custody of H.V. The court granted Annette visitation and ordered Annette to pay child support.

## BLOOD GROUP TESTING

Annette contends the trial court erred when it denied her motion for blood group testing. We do not reach Annette's arguments, however, inasmuch as we conclude that Annette's attempt to rebut the presumption of H.V.'s legitimacy is barred by laches.[1]

A child born during a marriage is presumed legitimate. Ind.Code § 31–6–6.1–9 (1993); *Fairrow v. Fairrow,* 559 N.E.2d 597, 600 (Ind.1990). In a divorce proceeding, silence and this presumption will establish paternity. *Cooper v. Cooper,* 608 N.E.2d 1386, 1387 (Ind.Ct.App.1993). The presumption may be rebutted by direct, clear, and convincing evidence that the husband is excluded as the child's father based upon blood grouping test results. *Id.*

In the case at hand, Annette contends the dissolution court erroneously denied her request to obtain discovery that may have helped her to rebut the presumption of legitimacy. The grant or denial of a motion for discovery rests within the sound discretion of the trial court and will be reversed only for an abuse of discretion. *Keesling v. Baker & Daniels,* 571 N.E.2d 562, 566 (Ind.Ct.App.1991), *trans. denied.* An abuse of discretion regarding discovery matters occurs when the trial court reaches an erroneous conclusion clearly against the logic and effect of the facts of the case. *Hudgins v. McAtee,* 596 N.E.2d 286, 289 (Ind.Ct.App. 1992).

The doctrine of laches precludes Annette's attempt to rebut the presumption of H.V.'s legitimacy. Laches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done. *Knaus v. York,* 586 N.E.2d 909, 914 (Ind.Ct.App.1992). Laches requires 1) inexcusable delay in asserting a right, 2) implied waiver of the right arising from knowing acquiescence in existing conditions, and 3) circumstances causing prejudice to the adverse party. *Reel Pipe & Valve Co., Inc. v. Consolidated City of Indianapolis–Marion County,* 633 N.E.2d 274, 280 (Ind.Ct.App.1994), *trans. denied, cert. denied,* 513 U.S. 1058, 115 S.Ct. 667, 130 L.Ed.2d 601. A lapse of time alone does not justify application of the doctrine of laches. *In re Marriage of Moser,* 469 N.E.2d 762, 767 (Ind.Ct.App.1984).

In the present case, Annette had the opportunity to properly establish H.V.'s paternity within the appropriate statute of limitations but failed to do so. Moreover, Annette assured Gordon that he was H.V.'s father despite blood tests showing a 98% probability that another man conceived H.V. Annette allowed Gordon to give H.V. his name and allowed Gordon to raise H.V. as his daughter. We conclude that Annette's unexplained failure to properly establish H.V.'s paternity approximately ten years ago, along with her acquiescence in, and encouragement of, the strong father-daughter relationship between Gordon and H.V. establish the elements of laches. The trial court therefore did not commit an abuse of discretion when it denied Annette's motion for blood group testing.

Judgment affirmed.

RUCKER and FRIEDLANDER, JJ., concur.

---

1. We dispose of the present case on the basis of laches despite Gordon's failure to plead laches as an affirmative defense before the trial court. The trial court did not issue findings of fact when it denied Annette's motion and we may therefore affirm the court's decision upon any legal theory consistent with the evidence introduced at trial. *Bedford Recycling, Inc. v. U.S. Granules Corp.,* 634 N.E.2d 1361, 1363 (Ind.Ct.App.1994), *trans. denied.*