In re the PATERNITY OF I.B.:

K.H., Appellant,

v.

I.B., b/n/f L.B., Appellee.

No. 34A02–1305–JP–401.

Supreme Court of Indiana.

April 3, 2014.

## PUBLISHED ORDER DENYING PETITION TO TRANSFER

This matter is before the Indiana Supreme Court on a petition to transfer jurisdiction filed by Appellant pursuant to Appellate Rule 57, following the Court of Appeals opinion issued on October 7, 2013. *See In re Paternity of I.B.*, No. 34A02–1305–JP–401, 2013 WL 5533146 (Ind.Ct. App.2013) (mem. dec.) The Court has reviewed the decision of the Court of Appeals. Any record on appeal that was submitted has been made available to the Court, along with all briefs filed in the Court of Appeals and all the materials filed in connection with the request to transfer jurisdiction. Also, the Court has heard oral argument on the transfer petition. Each member of the Court has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each has voted on the petition.

Being duly advised, the Court now DENIES Appellant's petition to transfer jurisdiction. This appeal is at an end.

The Court DIRECTS the Clerk to certify the Court of Appeals' decision as final and to send copies of this order to all counsel of record. The Clerk is also directed to post this order to the Court's website, and Thomson/Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

RUCKER, DAVID, and MASSA, JJ., concur.

DICKSON, C.J., dissents to the denial of transfer with separate opinion, in which RUSH, J., joins.

DICKSON, C.J., dissenting to the denial of transfer.

I respectfully dissent from the denial of transfer and would prefer for this Court to address whether DNA evidence should be required whenever a child may face the risk of losing the presumption of being the biological child of the birth mother's husband.

Like most states, Indiana has long adhered to a strong presumption that a child, born of a woman during marriage, is also the biological child of the woman's husband. *See* Ind.Code § 31–14–7–1(1) (2012) (stating that the presumption exists if the child is born during the marriage or up to "three hundred (300) days after the marriage is terminated by death, annulment, or dissolution"). This presumption flows from the fact that the state favors a public policy position that establishes paternity, *see* Ind.Code § 31–14–1–1, and that family law in Indiana strongly concerns itself with the health, safety, welfare, and stability of children. Because of the important role of the presumption of paternity in protecting children, our jurisprudence requires more than just the usual "preponderance of evidence" standard of proof in civil trials. Rather, a child born during marriage is presumed to be the child of the husband, and "[t]his presumption . . . may be rebutted only by direct, clear, and convincing evidence." *Fairrow v. Fairrow*, 559 N.E.2d 597, 600 (Ind.1990); *accord Buchanan v. Buchanan*, 256 Ind. 119, 124, 267 N.E.2d 155, 157 (1971) (finding that when a child is born during a marriage, "a trial court cannot rule against [the husband's paternity] except on facts which

prove conclusively that the husband could not have been the father").

Indiana courts have long recognized the types of direct, clear, and convincing evidence which may be used to rebut the marriage presumption for paternity:

> That a husband (1) is impotent; (2) was absent so as to have no access to the mother; (3) was absent during the entire time the child must have been conceived; (4) was present with the mother only in circumstances which clearly prove there was no sexual intercourse; (5) was sterile during the time the child must have been conceived; or (6) is excluded as the child's father based upon blood grouping test results.

*Minton v. Weaver,* 697 N.E.2d 1259, 1260 (Ind.Ct.App.1998) (quoting *Murdock v. Murdock,* 480 N.E.2d 243, 245 n. 6 (Ind.Ct. App.1985), *reh'g denied* ) (internal brackets omitted), *trans. denied; see L.F.R. v. R.A.R.,* 269 Ind. 97, 99, 378 N.E.2d 855, 856 (1978); *see also Buchanan,* 256 Ind. at 123, 267 N.E.2d at 157.

When such issues are presented for resolution in trial courts, our judges' decisions have traditionally had to draw conclusions based primarily on testimonial allegations. But with the advent of DNA genetic testing, courts now have a virtually foolproof way to make paternity determinations. This methodology is overwhelmingly superior to reliance on traditional testimonial methods of proof. Only DNA testing can satisfy the high standard of proof required to rebut the presumption of paternity— evidence that is "direct, clear, and convincing," *Fairrow,* 559 N.E.2d at 600, and that disproves the presumption "conclusively," *Buchanan,* 256 Ind. at 124, 267 N.E.2d at 157.

For this reason, I believe that in any proceeding in which the presumption of biological paternity is potentially impinged, DNA testing, if available, should be mandatory as the exclusive way of providing conclusive, direct, clear, and convincing evidence to rebut the presumption. Without supporting DNA genetic evidence, courts should not make any judicial determination that a child's biological father is someone other than the biological mother's husband when the child was born. Nothing less should suffice.

I would grant transfer so that this Court can consider adopting this new evidentiary requirement.

RUSH, J., joins.